# UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF COLUMBIA

| | | |
|---|---|---|
| **D. MICHAEL BEARD** | ) | |
| | ) | |
| **Plaintiff,** | ) | |
| | ) | **Case No. 06CV00756 (GK)** |
| **v.** | ) | |
| | ) | |
| **ALPHONSO R. JACKSON,** | ) | |
| **Secretary, U.S. Department of** | ) | |
| **Housing and Urban Development,** | ) | |
| | ) | |
| **Defendant.** | ) | |

## ANSWER TO COMPLAINT

Defendant Alphonso R. Jackson, in his official capacity as Secretary of the Department of Housing and Urban Development ("HUD"), through undersigned counsel, hereby submits the following answer to Plaintiff's Complaint:

### FIRST DEFENSE

As to some or all of the claims asserted in this action, plaintiff has failed to state a claim upon which relief may be granted.

### SECOND DEFENSE

To the extent Plaintiff seeks to raise in this action any allegations or claims not raised, or untimely raised in the administrative process, such allegations and claims are precluded for failure to exhaust administrative remedies.

### THIRD DEFENSE

Defendant denies that it engaged in any discriminatory or retaliatory

conduct whatsoever.

FOURTH DEFENSE

Plaintiff has failed to mitigate her damages.

In response to the numbered paragraphs of the complaint, Defendant answers as follows:

**Preliminary Statement**

1.    Defendant admits that it directed Plaintiff's reassignment to Washington, DC.  Defendant admits that prior to the reassignment, Plaintiff was the Regional Inspector General for Audit, Region VI, Forth Worth, Texas.

2.    This paragraph contains Plaintiff's characterization of the complaint, and not allegations of fact, to which no response is required.  To the extent that a response is required, Defendant denies the allegations contained in this paragraph.

3.    Defendant denies the allegations contained in Paragraph 3.

4.    Defendant denies the allegations contained in Paragraph 4.

5.    This paragraph contains Plaintiff's characterization of the complaint, and not allegations of fact, to which no response is required.  To the extent that a response is required, Defendant denies the allegations contained in this paragraph.

**Parties, Jurisdiction, and Venue**

6.    Defendant admits the allegation contained in Paragraph 6

7.    Defendant admits the facts contained in Paragraph 7.

8.    This paragraph contains Plaintiff's jurisdictional claims, and averments

2

concerning venue, and not allegations of fact, to which no response is required.  To the extent that a response is required, Defendant denies the allegations contained in this paragraph.

## Statement of Facts

### Background

9.    Defendant admits the allegation contained in Paragraph 9, except that Plaintiff was appointed on September 6, 1992..

10.    Defendant admits the allegation contained in Paragraph 10.

11.    Defendant admits the allegation contained in the first sentence.  Defendant does not possess sufficient knowledge to admit or deny the allegations contained in the second sentence.  To the extent that a response is required, Defendant denies the allegations contained in the second sentence.

12.    Defendant does not possess sufficient knowledge to admit or deny the allegations contained in this paragraph.  To the extent that a response is required, Defendant denies the allegations contained in this paragraph.

13.    Defendant admits the allegation contained in Paragraph 13.

14.    Defendant denies the allegation contained in the first sentence of Paragraph 14.  Defendant was issued a Letter of Reprimand on February 20, 2002.  Defendant does not possess sufficient knowledge to admit or deny the allegations contained in the second sentence of this paragraph.  To the extent that a response is required, Defendant denies the allegations contained in the second sentence.

3

## Earlier Administrative Complaint

15.    Defendant admits the allegation contained in Paragraph 15.

16.    Defendant denies the allegation contained in Paragraph 16.

17.    Defendant admits the allegation contained in Paragraph 17.

18.    Defendant admits the allegation contained in Paragraph 18.

19.    Plaintiff's deposition transcript speaks for itself, and on that basis no

response is required.  To the extent that a response is required, the

allegation is denied.

20.    This paragraph contains Plaintiff's characterization of his testimony

and not allegations of fact, to which no response is required.  To the extent

that a response is required, Defendant denies the allegations contained in

this paragraph. Defendant denies the allegation contained in Paragraph 20.

21.    Defendant denies the allegation contained in Paragraph 21.

22.    Defendant denies the allegation contained in Paragraph 22.

23.    Defendant denies the allegation contained in Paragraph 23.

24.    Defendant does not possess sufficient knowledge to admit or deny the

allegations contained in this paragraph.  To the extent that a response is

required, Defendant denies the allegations contained in this paragraph.

25.    Defendant admits that Plaintiff filed an administrative complaint alleging

discrimination.  To the extent that Plaintiff alleges the complaint was

timely filed, Defendant lacks information or knowledge to admit or deny,

and on that basis, denies the allegation.

26.    Defendant admits the allegation contained in Paragraph 26.

4

27.    Defendant admits the allegation contained in Paragraph 27.

28.    Defendant admits that Defendant withdrew the Letter of Reprimand from Plaintiff's Official Personnel File, made a cash payment to Plaintiff to cover alleged expenses, and removed some language from his performance evaluation.  Defendant denies all other allegations.

29.    Defendant admits the allegation contained in Paragraph 29.

### On-Going Discrimination and Retaliation

30.    Defendant admits the allegation contained in first sentence of Paragraph. With respect to the second sentence of Paragraph 30, Defendant only admits that the team informed Mr. Stephens that the Region VI staff was concerned about the relationship between Plaintiff and Headquarters. Defendant denies the remaining allegations in Paragraph 30.

31.    Defendant admits the allegation contained in Paragraph 31, except that it occurred on or about 2002..

32.    Defendant denies the allegations contained in Paragraph 32.

33.    Defendant denies the allegations contained in paragraph 33.

### Involuntary Removal and Reassignment to Washington, DC

34.    Defendant admits that Mr. Phelps, the Deputy Assistant Inspector General for Audit, called Plaintiff and told him to report to OIG Headquarters in Washington D.C. on Wednesday, January 5, 2005.  Defendant lacks sufficient knowledge and information to admit or deny the second part of the first sentence of Paragraph 34, and on that basis denies the allegation. Defendant lacks knowledge or information to admit or deny the remaining

allegations in Paragraph 34.

35.    Defendants admits the allegation in Paragraph 35.

36.    Defendant denies the allegation in Paragraph 36.

37.    Defendant admits the allegation in Paragraph 37.

38.    As Memorandum for Plaintiff's directed reassignment speaks for itself, no

response is required.

39.    Defendant does not possess sufficient knowledge to admit or deny the

allegations contained in this paragraph.  To the extent that a response is

required, Defendant denies the allegations contained in this paragraph.

40.    Defendant admits that Plaintiff's reassignment was not based on his

written performance evaluations.

41.    Defendant admits the allegation contained in the first and second

sentences of Paragraph 41.  Defendant denies the allegation contained in

the third sentence of Paragraph 41.

42.    Defendant admits during the performance cycle prior to Plaintiff's

directed reassignment, he received a Special Achievement Award.

43.    Defendant denies the allegation contained in Paragraph 43.

44.    Defendant admits that Plaintiff's position following his directed

reassignment is non-supervisory.

45.    Defendant denies the allegations contained in Paragraph 45.

46.    This paragraph contains Plaintiff's characterization of the complaint and

legal conclusions, not allegations of fact, to which no response is required.

To the extent that a response is required, Defendant denies the allegations

6

contained in this paragraph.

### Interference With Selection as Deputy Assistant Inspector General for Audit of the Department of Defense

47. Defendant does not possess sufficient knowledge to admit or deny the allegations contained in this paragraph. To the extent that a response is required, Defendant denies the allegations contained in this paragraph.

48. Defendant does not possess sufficient knowledge to admit or deny the allegations contained in this paragraph. To the extent that a response is required, Defendant denies the allegations contained in this paragraph.

49. Defendant admits that the selecting official at the Department of Defense solicited an employment reference about Plaintiff from HUD OIG. Defendant denies all other allegations contained in Paragraph 49.

50. Defendant does not possess sufficient knowledge to admit or deny the allegations contained in this paragraph. To the extent that a response is required, Defendant denies the allegations contained in this paragraph.

51. This paragraph contains Plaintiff's characterization of the complaint and legal conclusions, not allegations of fact, to which no response is required. To the extent that a response is required, Defendant denies the allegations contained in this paragraph.

### Exhaustion of Administrative Remedies

52. The Defendant admits the allegations contained in Paragraph 52, except that the correct date is January 18, 2005, not January 21, 2005.

53. The Defendant admits the allegations contained in Paragraph 53, except

that the correct date that Plaintiff filed was February 25, 2005, not

February 2, 2005.  The Defendant admits that Plaintiff amended his

complaint on April 21, 2005.

54.    The Defendant admits the allegations contained in Paragraph 54.

### COUNT I

### (Retaliation – Title VII)

55.    Defendant incorporates its responses to Paragraphs 1 through 54 above

into its response to Paragraph 55 of this Complaint.

56.    This paragraph contains Plaintiff's characterization of the complaint, not

allegations of fact, to which no response is required.  To the extent that a

response is required, Defendant denies the allegations contained in this

paragraph.

57.    This paragraph contains Plaintiff's characterization of the complaint and

legal conclusions, not allegations of fact, to which no response is required.

To the extent that a response is required, Defendant denies the allegations

contained in this paragraph.

58.    The allegation contained in Paragraph 58 is a legal conclusion, to which

no response is required.  To the extent that a response is required, the

allegation is denied.

59.    The allegation contained in Paragraph 59 is a legal conclusions, to which

no response is required.  To the extent that a response is required, the

allegation is denied.

60.    The allegations contained in Paragraph 60 comprise legal conclusions, to

which no response is required. To the extent that a response is required, the allegation is denied.

## COUNT II

### (Age Discrimination)

61.     Defendant incorporates its responses to Paragraphs 1 through 60 above into its response to Paragraph 61 of this Complaint.

62.     Defendant admits that Plaintiff received a directed reassignment to the position of Special Assistant to the Deputy Assistant Inspector General for Audit in Washington, D.C. Defendant denies the remaining allegations contained in Paragraph 62.

63.     The allegations contained in Paragraph 63 contain legal conclusions, to which no response is required. To the extent that a response is required, the allegation is denied.

64.     This paragraph contains conclusions of law, not allegations of fact, to which no response is required. To the extent that a response is required, Defendant denies the allegations contained in this paragraph.

65.     This paragraph contains Plaintiff's characterization of the complaint, not allegations of fact, to which no response is required. To the extent that a response is required, Defendant denies the allegations contained in this paragraph.

66.     This paragraph contains Plaintiff's characterization of the complaint, not allegations of fact, to which no response is required. To the extent that a response is required, Defendant denies the allegations contained in this

paragraph.

## COUNT III

### Retaliation Under ADEA

67.  Defendant incorporates its responses to Paragraphs 1 through 56 above into its response to Paragraph 67 of this Complaint.

68.  Defendant admits that Plaintiff received a directed reassignment to the position of Special Assistant to the Deputy Assistant Inspector General for Audit in Washington, D.C.  Defendant denies the remaining allegations contained in Paragraph 62.

69.  The allegations contained in Paragraph 69 comprise legal conclusions, to which no response is required.  To the extent that a response is required, the allegation is denied.

70.  The allegations contained in Paragraph 70 comprise legal conclusions, to which no response is required.  To the extent that a response is required, the allegation is denied.

71.  The allegations contained in Paragraph 71 comprise legal conclusions, to which no response is required.  To the extent that a response is required, the allegation is denied.

72.   The allegations contained in Paragraph 72 comprise legal conclusions, to which no response is required.  To the extent that a response is required, the allegation is denied.

## COUNT IV

## Retaliation - Title VII

73.     Defendant incorporates its responses to Paragraphs 1 through 72 above into
        its response to Paragraph 73 of this Complaint.

74.     Defendant does not possess sufficient knowledge to admit or deny the
        allegations contained in this paragraph.  To the extent that a response is
        required, Defendant denies the allegations contained in this paragraph.

75.     Defendant does not possess sufficient knowledge to admit or deny the
        allegations contained in this paragraph.  To the extent that a response is
        required, Defendant denies the allegations contained in this paragraph.

76.     Defendant admits that the selecting official at the Department of Defense
        solicited an employment reference about Plaintiff from HUD OIG.
        Defendant denies the allegation contained in the second sentence of
        Paragraph 76.

77.     Defendant does not possess sufficient knowledge to admit or deny the
        allegations contained in this paragraph.  To the extent that a response is
        required, Defendant denies the allegations contained in this paragraph.

78.     The allegations contained in Paragraph 78 contain legal conclusions, to
        which no response is required.  To the extent that a response is required,
        the allegations are denied.

79.     The allegations contained in Paragraph 79 contain legal conclusions, to
        which no response is required.  To the extent that a response is required,
        the allegations are denied.

11

80. The allegations contained in Paragraph 80 contain legal conclusions, to which no response is required. To the extent that a response is required, the allegations are denied.

## COUNT V

### Retaliation under the ADEA

81. Defendant incorporates its responses to Paragraphs 1 through 80 above into its response to Paragraph 81 of this Complaint.

82. Defendant does not possess sufficient knowledge to admit or deny the allegations contained in this paragraph. To the extent that a response is required, Defendant denies the allegations contained in this paragraph.

83. Defendant does not possess sufficient knowledge to admit or deny the allegations contained in this paragraph. To the extent that a response is required, Defendant denies the allegations contained in this paragraph.

84. Defendant admits the allegation contained in the first sentence. Defendant denies the allegation contained in the second sentence of Paragraph 84.

85. Defendant does not possess sufficient knowledge to admit or deny the allegations contained in this paragraph. To the extent that a response is required, Defendant denies the allegations contained in this paragraph.

86. The allegations contained in Paragraph 86 contain legal conclusions, to which no response is required. To the extent that a response is required, the allegations are denied.

87. The allegations contained in Paragraph 87 contain legal conclusions, to which no response is required. To the extent that a response is required,

the allegations are denied.

88. The allegations contained in Paragraph 88 contain legal conclusions, to

which no response is required.  To the extent that a response is required,

the allegations are denied.

### Prayer for Relief

The allegations contained in this section constitute the Plaintiff's prayer for

relief, to which no response is required.  To the extent that a response is required,

defendant denies all allegations contained in this section.

### Jury Demand

This section constitutes Plaintiff's jury demand, to which no response is

required.

WHEREFORE, having fully answered, Defendant respectfully request that

this Court deny Plaintiff all relief requested, dismiss this action with prejudice,

grant Defendant their attorney's fees and costs, and award Defendant all such other

and further relief as may be appropriate.


Respectfully Submitted,


___s/_____
KENNETH L. WAINSTEIN, D.C. BAR # 451058
United States Attorney


___s/_____
RUDOLPH CONTRERAS, D.C. BAR # 434122
Assistant United States Attorney

13

                              s/
                              _____
                              KAREN L. MELNIK, D.C. BAR # 436451
                              Assistant United States Attorney
                              United States Attorney's Office
                              Civil Division
                              555 4th Street, N.W.
                              Washington, D.C. 20530
                              (202) 307-0338