UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| D. MICHAEL BEARD, | ) |
| | ) |
| Plaintiff, | ) |
| | ) C.A. No. 06-0756 (GK) |
| v. | ) |
| | ) |
| ALPHONSO R. JACKSON, | ) |
| Secretary Of Housing And | ) |
| Urban Development, | ) |
| | ) |
| Defendant. | ) |

JOINT REPORT PURSUANT TO LOCAL RULE 16.3

Pursuant to LCvR 16.3, counsel for the parties conferred by telephone on July 11, 2006. Based on this conference, the parties hereby report to the Court as follows:

Plaintiff's Statement of the Case:

Plaintiff's claims are brought pursuant to Title VII of the Civil Rights Act of 1964, as amended by the Equal Employment Opportunity Act of 1972, 42 U.S.C. §§ 2000e et seq., and as further amended by Section 102 of the Civil Rights Act of 1991, 42 U.S.C. 1981a, as well as the Age Discrimination in Employment Act (ADEA) of 1967, 29 U.S.C. §§621 et seq., to remedy acts of retaliation by the Department of Housing and Urban Development (HUD) against plaintiff for his participation in activities protected under Title VII and the ADEA, and discrimination in employment practices by HUD because of his age. Plaintiff seeks redress for defendant's unlawful removal of him from his former position as a Regional Inspector General for Audit; his involuntary reassignment to Washington, D.C. under penalty of termination; and its interference with his selection as the Deputy Assistant Inspector General for Audit with the Office of Inspector General of the Department of Defense.

Defendant's Statement of the Case:

Defendant denies the allegations that plaintiff was subjected to any form of discrimination, including age discrimination. Defendant denies that the alleged incidents of discrimination actually occurred.

As regards the topics set out in Local Rule 16, the parties state as follows:

1.) Status of Dispositive Motions: There are no pending motions. Defendants believe that this action may be resolved by dispositive motion following discovery. Plaintiff believes that the case will not be resolved on dispositive motion.

2.) Amended Pleadings: The parties do not anticipate that it will be necessary to join third parties or amend the pleadings.

3.) Assignment to Magistrate Judge: The parties have not consented to the assignment of this case to a Magistrate Judge at this time.

4.) Settlement Possibility: The parties do not foreclose the possibility of settlement in this case and are amenable to settlement discussions after the close of discovery.

5.) Alternative Dispute Procedures: The parties agree that Alternative Dispute Resolution may be beneficial after the close of discovery.

6.) Dispositive Motions: The parties agree that any dispositive motion should be filed within 45 days of the close of discovery; that any opposition to that motion should be filed within 45 days of the filing of the motion; and that any reply should be filed within 30 days of the filing of the opposition.

7.) Initial Disclosures: The parties have agreed to make their initial disclosures required by the Federal Rules of Civil Procedure and the Local Rules of this Court 45 days after the Court issues the Initial Scheduling Order.

8.) <u>Discovery</u>:  The parties submit that discovery should begin on September 5, 2006 and end on February 2, 2007 (150 days).  The parties agree to limit the number of depositions to 10 per side and interrogatories to 25 per side, pursuant to Fed. R. Civ. P. 33(a).  Due to sensitive personal and/or medical information that may be exchanged, the parties may seek a protective order.

9.) <u>Experts</u>:  The parties agree that the proponent of an expert witness shall make its expert disclosures pursuant to Rule 26(a)(2) F. R. Civ. P. at least 60 days prior to the close of discovery.  The opponent's disclosures should be made at least 30 days prior to the close of discovery.

10.) <u>Class Action Procedures</u>:  Not applicable.

11.) <u>Bifurcation of Discovery or Trial</u>:  Not appropriate for this case.

12.) <u>Proposed Date For The Pretrial Conference</u>:  Plaintiff takes the position that a status conference should be scheduled after the close of discovery.  Both parties take the position that a pretrial conference should be scheduled once the Court has resolved all dispositive motions.

13.) <u>Trial Date</u>:  The parties are amenable to having a firm trial date set at the pre-trial conference.

14.) <u>Other Matters</u>: There are no related cases pending before this Court.  Counsel for both parties are committed to working cooperatively with one another to stipulate to the entry of a protective order needed to guarantee the confidentiality, and to permit the discovery and disclosure of information covered by the Privacy Act, 5 U.S.C. § 552a, and other statutes affecting privacy and confidentiality of parties and witnesses in litigation of this nature; and to take account of scheduling conflicts and other issues that may arise during the course of this case

that are not presently foreseen.

| Respectfully submitted, | Respectfully submitted, |
|---|---|
| /s/ | /s/ |
| Robert C. Seldon, Esq.<br>D.C. Bar No. 245100 | Kenneth L. Wainstein<br>D.C. Bar No. 451058<br>UNITED STATES ATTORNEY |
| /s/ | /s/ |
| Molly E. Buie, Esq.<br>D.C. Bar No. 483767 | Rudolph Contreras<br>D.C. Bar No. 434122<br>Assistant United States Attorney |
| 1319 F Street, N.W. Suite 305<br>Washington, D.C. 20004<br>Tel. (202) 955-6968<br>Fax (202)842-1418 | /s/<br>Karen L. Melnik<br>D.C. Bar No. 436452<br>Assistant United States Attorney |
| Attorneys for Plaintiff | 555 Fourth Street, N.W., E-4112<br>Washington, D.C. 20530<br>Tel. (202) 307-0338<br>Fax (202) 514-8780 |
|  | Attorneys for Defendant |