UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| D. MICHAEL BEARD, | ) |
| Plaintiff, | ) |
| v. | ) C.A. No. 06-0756 (GK) |
| ALPHONSO R. JACKSON, Secretary Of Housing And Urban Development, | ) |
| Defendant. | ) |

**STIPULATED PRIVACY ACT AND PROTECTIVE ORDER**

This is an action in which Plaintiff alleges that Defendant discriminated and retaliated against him in violation of the Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. §2000e-16, as well as the Age Discrimination in Employment Act of 1967, 29 U.S.C. §§621 et seq. Each party anticipates seeking and/or disclosing personnel, medical, and other records that are likely to contain confidential information, including, but not limited to, information protected by the Privacy Act of 1974, 5 U.S.C. § 552a, and The Health Insurance Portability and Protection Act. In order to permit the parties to discover and disclose information relevant to this case without disclosing confidential information, and pursuant to Rule 26 of the Federal Rules of Civil Procedure, the parties agree and it is hereby:

ORDERED that, pursuant to this Protective Order, Defendant is authorized to release information otherwise protected by the Privacy Act without obtaining prior written consent of the

1

individuals to whom such records pertain provided that such information is reasonably related to this litigation. Nothing in the Protective Order is intended to limit or preclude in any way Defendant's rights to access and review documents containing Privacy Act information.

IT IS FURTHER ORDERED, that the parties hereby stipulate to the entry of a Protective Order as follows:

Whenever counsel for any party believes that formal or informal discovery in this case, in whatever form, may reveal or has revealed information which may be within the scope of the provisions of the Privacy Act or may contain other types of confidential information, the following procedures shall be followed:

1.) Counsel for the party producing records containing confidential information shall designate the information as subject to this Order by letter or by marking documents containing such information with the notation "CONFIDENTIAL" or "CONFIDENTIAL MEDICAL." Upon request from the other party, counsel for the producing party will promptly explain its basis for designating material as being subject to the Protective Order.

2.) The parties shall not file discovery materials, including interrogatories, answers thereto, document requests, responses thereto, requests for admission, responses thereto, or deposition transcripts containing information subject to this order with the Clerk.

3.) If any party intends to file any motion, opposition, reply or any other filing prior to trial and attach thereto or set forth the relevant portion of records that have been designated as subject to this Order pursuant to paragraph one, the parties shall file two copies of such filing ("Version One" and "Version Two") with the Clerk. Version One shall redact only the specific information designated pursuant to paragraph one of this Consent Order and shall be filed on the

2

public record. Version Two shall contain no redactions and shall be filed in the Clerk's Office in sealed envelopes or other approved sealed containers on which shall be endorsed the title to this action, a brief description of the contents of such sealed envelope or container, the words "under seal."

4.) The right of access to all records designated "CONFIDENTIAL" under this Order (unless the parties have agreed otherwise or the Court enters an order permitting disclosure) shall be limited to the parties, counsel for the parties, consultants to the parties, paralegals and expert witnesses in their employ, and any other person mutually authorized by all counsel to examine such materials. Any person having access to information subject to this Order shall be informed that it is confidential and subject to a non-disclosure Order of the Court. Defendant's right of access to all records designated "CONFIDENTIAL MEDICAL" under this Order (unless the parties have agreed otherwise or the court enters an order permitting disclosure) shall be limited to counsel for the parties with a need for access in order to defend this action, expert witnesses in their employ, and any other person mutually authorized by all counsel to examine such materials.

5.) Except as provided herein, no person having access to records designated as subject to this Order shall reveal to any person not named in paragraph 4 any information contained in such material without further Order of the Court or stipulation of the parties.

6.) All documents and copies of documents designated as subject to this Order shall be returned to counsel for the producing party within sixty (60) days of the conclusion of all trial and appellate proceedings in this case.

7.) Nothing contained in this Order shall be construed as precluding Plaintiff or Defendant from introducing materials that are subject to this Order, or the contents thereof, into

evidence at the trial of this case. If however, these documents are to be used at trial, the Court may determine and direct at that time the extent to which confidentiality shall be protected.

8.) Any specific part or parts of the restrictions imposed by this Protective Order may be terminated at any time by a letter from counsel or by an Order of the Court. This Order is without prejudice to the rights of any party to make any objection to discovery permitted by the Federal Rules of Civil Procedure, or by any statute or other authority, or to the rights of any party to make evidentiary objections at trial.

9.) This Order is without prejudice to the rights of any party to seek from the Court the modification of this Order. If either party disagrees with the other party's designations and if the parties are unable to resolve the disagreement, the party opposing the designation may seek an order from the Court removing the disputed material from the protection of this Protective Order. Until any such disagreement is adjudicated, the party in receipt of CONFIDENTIAL or CONFIDENTIAL MEDICAL records or information shall treat such information or documents in accordance with the terms of this Order.

10.) Each person to whom records or information designated CONFIDENTIAL or CONFIDENTIAL MEDICAL under this Protective Order shall sign and date a copy affirming that they have read and agree to be bound by the terms of this Protective Order, and serve a copy of same on counsel for the adverse party.

| Respectfully submitted, | Respectfully submitted, |
|---|---|
| /s/ | /s/ |
| Robert C. Seldon, Esq.<br>D.C. Bar No. 245100 | Jeffrey A. Taylor, Esq.<br>D.C. Bar No. 498610<br>UNITED STATES ATTORNEY |
| /s/ | /s/ |
| Molly E. Buie, Esq.<br>D.C. Bar No. 483767<br>1319 F Street, N.W. Suite 305<br>Washington, D.C. 20004<br>Tel. (202) 955-6968<br>Fax (202)842-1418 | Rudolph Contreras, Esq.<br>D.C. Bar No. 434122<br>Assistant United States Attorney |
|  | /s/ |
| Attorneys for Plaintiff | Karen L. Melnik, Esq.<br>D.C. Bar No. 466452<br>Assistant United States Attorney<br>555 Fourth Street, N.W., E-4112<br>Washington, D.C. 20530<br>Tel. (202) 307-0338<br>Fax (202) 514-8780 |
|  | Attorneys for Defendants |

SO ORDERED:

*[signature]*
UNITED STATES DISTRICT JUDGE

Date: Oct, 30 2006