# MEDIATION SETTLEMENT AGREEMENT
# FORMAL COMPLAINT
(TERMS REQUIRE SIGNATURE OF DIRECTOR OF EEO)

In the Matter of:

Michael Beard,
Complainant

vs.

Mel Martinez, Secretary
U.S. Department of Housing and
Urban Development, Department
or Agency

Complaint Number: FW-02-19

### Mediation Settlement Agreement and General Release

This Mediation Settlement Agreement and General Release is made and entered into by and between Michael Beard (hereinafter Complainant) and the U.S. Department of Housing and Urban Development (hereinafter "Department or Agency").

The Complainant and the Department have successfully conferred for the purpose of settling these matters. The Complainant and the Department knowingly and voluntarily desire to settle fully and finally the allegations of discrimination raised during the informal counseling process, the formal process and mediation, as identified under the U.S. Department of Housing and Urban Development Equal Employment Opportunity Case Number: FW-02-19.

Confidentiality must be maintained by the Parties, by any agency employees involved in the Alternative Dispute Resolution (ADR) proceeding and in the implementation of the ADR resolution, and by the third party neutral involved in the proceeding.

NOW, THEREFORE, in consideration of the premises and mutual promises herein contained, the Parties agree as follows:

First: This Mediation Settlement Agreement and General Release shall not in any way be construed as an admission by the Department of any acts of impermissible discrimination or reprisal whatsoever against the Complainant or any other person, and the Department specifically disclaims any liability to or discrimination against the Complainant or any other person, on the part of itself, its employees, or its agents.



EXHIBIT 12

ATTACHMENT B

**Second**: The Complainant will withdraw with prejudice his complaint, Equal Employment Opportunity (EEO) Case Number FW-02-19, filed on May 7, 2002. This withdrawal will become effective on the date that the Agreement is approved and executed by the Director of Equal Employment Opportunity.

**Third**: The Complainant agrees to forever release and waive his right to file any complaint, claim, lawsuit, grievance, or appeal against the Department, its officials, employees, former officials or former employees, or their successors and assignees, including any and all claims against Department officials, employees, or former officials or employees, in both individual and official capacities, in any state or Federal court, or before any administrative body, tribunal, board, or commission, regarding any matter that was or could have been raised in connection with the above-captioned matter.

**Fourth**:

1) The Department agrees to remove the letter of reprimand issued to the Complainant on February 20, 2002, within fifteen (15) calendar days of the date this Agreement is approved and executed by the Director of Equal Employment Opportunity.

2) The Department agrees to pay a lump sum in an amount not to exceed $6,000 to the Complainant, which shall be inclusive of all relief in the case, including but not limited to attorney fees and associated cost.

3) The Department agrees to include the Complainant's write up of his accomplishments in the Complainant's Annual Appraisal for the period ending January 31, 2002.

4) The Complainant agrees to restore a normal chain of command relationship with Mr. Michael Phelps, Deputy Assistant Inspector General for Audit.

**Fifth**: If the Complainant alleges that subsequent acts of discrimination or reprisal violate the Mediation Settlement Agreement, the Complainant will follow the procedures outlined in 29 CFR 1614.105 *et. seq*. The Department will process the new allegations as a separate complaint.

**Sixth**: Should any provision of this Mediation Settlement Agreement and General Release be declared or be determined by any court to be illegal or invalid, the validity of the remaining parts, terms or provisions shall not be affected thereby and said illegal or invalid part, term, or provision shall be deemed not to be part of this Mediation Settlement Agreement and General Release.

Attachment B

**Seventh**: This Mediation Settlement Agreement and General Release sets forth the entire Agreement between the Parties thereto, and fully supersedes any and all prior Agreements or understanding between the Parties hereto pertaining to the subject matter hereof.

**Eighth**: This Mediation Settlement Agreement and General Release is not binding on the Department until it is signed by the appropriate EEO Officer or designee and the Director of Equal Employment Opportunity. The Department will implement the provisions in Term 4(1) of this Agreement within **fifteen(15)** calendar days from the date that this Agreement is fully executed by the Director of Equal Employment Opportunity. The Department will implement the provisions in Term 4 (2),(3) and (4) of this Agreement within **sixty(60)** calendar days from the date that this Agreement is fully executed by the Director of Equal Employment Opportunity

**Ninth**: If the Complainant believes that the Department has failed to comply with the terms, or rescinds, any action specified by this Mediation Settlement Agreement for any reason not attributable to acts or conduct of the Complainant, within 30 days of the day he knew or should have known of the alleged noncompliance, the Complainant shall notify the Director of Equal Employment Opportunity **in writing** of the alleged noncompliance. The Complainant may request that the terms of the Mediation Settlement Agreement be specifically implemented or that the complaint be reinstated for further processing from the point processing ceased under the terms of the Mediation Settlement Agreement. Allegations of noncompliance should be addressed to the following:

> U.S. Department of Housing and Urban Development
> Attention: William C. King
> Director, Office of Departmental Equal Employment Opportunity
> 451 Seventh Street, S.W., Suite 2134
> Washington, D.C. 20410-3000

If after thirty (30) calendar days from the date of the Department's receipt of the Complainant's written notice, the Department has not responded to the Complainant, **in writing**, or if the Complainant is not satisfied with the Department's attempt to resolve that matter, the Complainant may appeal to the Equal Employment Opportunity Commission (EEOC) thirty five (35) days after service of the allegations of noncompliance, but within 30 days of receipt of the Department's response, for a determination as to whether the agency has complied with the terms of the Mediation Settlement Agreement. The Complainant must serve a copy of the appeal on the agency and the agency may submit a response to the Commission within 30 days of receiving notice of the appeal.

Attachment 9

**Tenth**: Both Parties agree that a copy of this Mediation Settlement Agreement will be retained by the U.S. Department of Housing and Urban Development's Equal Employment Opportunity Office.

**Eleventh**: By entering into this Agreement, the Parties acknowledge that this Agreement is the result of mediated discussions consisting of mutual consideration, and contains the complete and entire Agreement by which the Parties are bound.

By signature, we acknowledge that we have read, understand and voluntarily agree to the above Mediation Settlement Agreement in its entirety and in no way were coerced.

_____    11/4/02
Michael Beard                      Date
Complainant

_____    11/04/02
Michael Stephens                   Date
Management Representative

_____    11/8/02
EEO Officer or Designee            Date
Office of Inspector General


Approved:

_____    12-04-02
William C. King                    Date
Director of EEO


4

Attachment 3