

U.S. Department of Housing and Urban Development
Southwest District Office of Inspector General
819 Taylor Street, Suite 13A09
Fort Worth, Texas 76102

(817) 978-9309  FAX (817) 978-9316
http://www.hud.gov/oig/oigindex.html

April 4, 2002

MEMORANDUM FOR:   Michael R. Phelps
                  Deputy Assistant Inspector General for Audit, GA

FROM:   D. Michael Beard
        District/Inspector General For Audit, 6AGA

SUBJECT:   Performance Rating for Will Nixon for period ending 1/31/02

    I received your memo of March 28, 2002 and I would like to take this opportunity to ask some questions.

    Your memo states: "I explained to you the way the negative and derogatory tone and implications in your reports on GPRA and HANO had been received by the senior members of the new administration. They see this tone as unnecessary and unproductive." Our prior discussion had only dealt with the drafts of these reports and you had not mentioned any "senior" members. Would you please advise me which senior members of the new administration complained about the reports and what their complaints were?

    Your recollection of the conversation may be different than mine. However, the quotes I used are from the notes I took during our meeting.

    I would also appreciate your thoughts on whether or not you think reflecting the complaints political appointees have about audit reports in a District Inspector General's annual performance rating is in accordance with the general independence standard set forth in the *Yellow Book* at paragraph 3.11.

    I am not aware of any emails from Mr. Nixon that would indicate he has "general disdain" for headquarters staff nor do I consider Mr. Nixon's willingness to be "outspoken" a "negative behavior." Mr. Nixon is properly supervised and does channel his efforts to his work -- that fact is well evidenced by the fact he is the recipient of the OIG's Auditor of the Year award, the PCIE's Award for Excellence, two IG Special Team Awards, several Special Achievement Awards -- including one from the Louisiana State Police, and several Spot Awards. If you would like to share with me the emails that caused you concern, I would be interested in seeing them.

    You said you were well aware of my personal views pertaining to the way the Office of Investigation is managed. Since I have not discussed my view pertaining to the management of

EXHIBIT
21

the Office of Investigation with you, or mentioned any view pertaining to its management in my memo of March 15, I do not know why you made this statement.

You went on to say that my view somehow transgressed to a perception that auditors were second-class citizens; however, I did not say that. The comment about Office of Audit auditors being second-class citizens I made to IG Gaffney when she and I were discussing the disparate treatment amongst the organization's auditors. I relayed that conversation to you to answer a question you asked me in your memo of March 4, 2002. I have no idea what you mean by saying I do not understand the positive benefits other disciplines bring the organization. I never discussed anything other than GS 511 auditors and do not know to what other disciplines you refer. I also did not understand your allegations that I am espousing some philosophy and poisoning my staff's view of the organization. You went on to say it was ok for me to espouse the philosophy to HQ senior management, but that it was ill placed in Mr. Nixon's performance appraisal. Would you please tell me what philosophy you are talking about and how I put it in Mr. Nixon's appraisal?

For the reasons previously stated, I do not consider the conflict with the leave and the due date an oversight.