UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| D. MICHAEL BEARD, | ) |
| | ) |
|    Plaintiff, | ) |
| | ) C.A. No. 06-0756 (GK) |
|    v. | ) |
| | ) |
| ALPHONSO R. JACKSON, | ) |
|   Secretary Of Housing And | ) |
|   Urban Development, | ) |
| | ) |
|    Defendant. | ) |
| | ) |

**PLAINTIFF'S MOTION FOR A RULE 56(f) CONTINUANCE
AND FOR AN ENLARGEMENT OF TIME TO OPPOSE SUMMARY JUDGMENT
AND REQUEST FOR A TELECONFERENCE**

    Plaintiff to the above action respectfully moves the Court, pursuant to Rule 56(f), Fed. R. Civ. P., for a short continuance in summary judgment briefing to take one deposition, the need for which could not have been anticipated earlier. The deposition is of a senior agency employee, William Nixon, who has refused to execute a declaration that Mr. Nixon agreed to provide, due to his fear of retaliation. See Attachment F. Defendant will not be prejudiced if this Motion is granted.

    Plaintiff also seeks an enlargement of time, pursuant to Rule 6(b), Fed. R. Civ. P., to postpone briefing on summary judgment until this Motion can be resolved.

    Finally, plaintiff respectfully moves the Court, pursuant to LCivR 7(f), to convene a teleconference about this Motion, if the Court would find one helpful.

1

The grounds in support of this Motion are explained in the accompanying Memorandum of Points and Authorities, to which the Court is respectfully referred. A proposed Order has also been submitted, in accordance with LCivR 7(c).

Counsel for defendant has been advised of this Motion and has stated that it will be opposed.

Respectfully submitted,

_____/s/_____
Robert C. Seldon, Esq.
 D.C. Bar No. 245100

_____/s/_____
Molly E. Buie, Esq.
 D.C. Bar No. 483767
Robert C. Seldon & Associates, P.C.
1319 F Street, N.W.
Suite 305
Washington, D.C. 20004
(202) 955-6968

Counsel for Plaintiff

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| D. MICHAEL BEARD, | ) |
| | ) |
| Plaintiff, | ) |
| | ) C.A. No. 06-0756 (GK) |
| v. | ) |
| | ) |
| ALPHONSO R. JACKSON, | ) |
|   Secretary Of Housing And | ) |
|   Urban Development, | ) |
| | ) |
| Defendant. | ) |
| | ) |

**MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF
PLAINTIFF'S MOTION FOR A RULE 56(f) CONTINUANCE
AND FOR AN ENLARGEMENT OF TIME TO OPPOSE SUMMARY JUDGMENT
AND REQUEST FOR A TELECONFERENCE**

**PRELIMINARY STATEMENT**

This is a case of discrimination and retaliation in federal employment brought by D. Michael Beard, who formerly served as the Regional Inspector General for Audit for the Office of Inspector General ("OIG") of the Department of Housing and Urban Development ("HUD") in Fort Worth, Texas. Counts I through III of the Complaint allege that Mr. Beard was removed from his former position, involuntarily reassigned to a non-supervisory position, and relocated involuntarily to Washington, D.C. under penalty of termination, in retaliation for his participation in protected EEO activity and on account of his age See Cplt. ¶¶ 2-5, 34-46, 55-72. The case has proceeded exceptionally promptly, and is barely 14 months old.

During his entire 13 year tenure as Regional Inspector General for Audit for Region VI, Mr. Beard received professional accolades, performance awards, excellent office-wide reviews, and successful performance appraisals. Cplt. ¶¶ 10-14. Nonetheless, and despite having no

1

work assignments that required his relocation, on January 5, 2005, Mr. Beard was reassigned involuntarily to Washington, D.C., without prior notice; and ordered to report to work three business days later.  Despite Mr. Beard's superb record of accomplishment, defendant moved for summary judgment, on the ground that his performance as a manager was deficient.  See Def. Mem. at 7-9, 25-27.

One of the specific projects that defendant asserts Mr. Beard failed to manage was an audit of the Housing Authority of New Orleans (HANO) and one of its contractors, CVR Associates, known as the CVR audit.  Def. Mem. at 8-9, 26-27.  Specifically, defendant claims that Mr. Beard's former region did not carry out the CVR audit satisfactorily in a number of ways, including using inappropriate audit criteria (Def. Mem. at 8-9, 26-27); failing to coordinate the audit with OIG Headquarters and its counsel's office (id.); failing to submit an audit survey report (id. at 9, 27); and using "inappropriate language" in the draft audit report (id.).

Primary responsibility for the CVR audit was assigned to one of Mr. Beard's former subordinates, Assistant Regional Inspector General William Nixon.  Plaintiff contacted Mr. Nixon during discovery and received his assurance that defendant's allegations about the CVR audit were erroneous and that he would assist plaintiff in opposing summary judgment.  Buie Decl. ¶ 2.  With Mr. Nixon's deposition being unnecessary, counsel for plaintiff worked diligently and cooperatively with Mr. Nixon in the preparation of a declaration for many hours after defendant moved for summary judgment.  Id. ¶¶ 3-5.  A final draft of the declaration was emailed to Mr. Nixon on May 29, 2007.  Id. ¶ 3; Attachment B.

On June 6, 2007, Mr. Nixon responded by return email that the declaration was accurate in all substantive respects.  Attachment F.  However, Mr. Nixon stated that he would not sign his declaration due to his fear of retaliation by OIG management.  In Mr. Nixon's own words:

2

> I have wrestled with this last evening and most of the night, and I can't do it. I don't have any major disagreement with the affidavit (just a couple of corrections) ... But it reads (and I understand the reason why) that I am calling [Assistant Inspector General for Audit] Heist a liar. I can't volunteer to do that – I do believe they would retaliate – not only within the organization but also maligning my abilities, character, etc. if I try to get another job.

Attachment F.  Promptly upon learning that Mr. Nixon feared retaliation, counsel for plaintiff contacted defendant's counsel and requested that OIG advise Mr. Nixon that he had no reason to be concerned.  The purpose of doing so was to encourage Mr. Nixon to sign his declaration and avoid any delay in the completion of briefing on summary judgment.  Defendant's counsel declined to do so, the first disagreement between counsel, which necessitated this Motion.

## ARGUMENT

### SUMMARY JUDGMENT PROCEEDINGS SHOULD BE CONTINUED BRIEFLY UNDER RULE 56(f), FED. R. CIV. P.

The Court's adjudication of defendant's motion for summary judgment may well be based on an incomplete record without a brief continuance for Mr. Nixon's deposition.  The case has been proceeding very promptly; it is barely 14 months old.  Defendant will not be prejudiced if Mr. Nixon is deposed.  He remains in the employ of HUD OIG and, as a federal employee, must make himself available to defendant.

The declaration approved by Mr. Nixon, except for some unspecified minor corrections, was the product of close contact between him and plaintiff's counsel.  Buie Decl. ¶¶ 3-5; Attachments A-F.  The issues covered by Mr. Nixon's declaration directly rebut the reasons asserted by defendant on summary judgment for taking adverse action against plaintiff.[1]  Attachment C (Nixon Decl. draft).  Mr. Nixon has information that, contrary to defendant's

---

[1] In this regard, it is important to bear in mind that as "the nonmoving party," plaintiff need not "produce evidence in a form that would be admissible at trial in order to avoid summary judgment." Celotex Corp. v. Catrett, 477 U.S. 317, 324 (1986);

3

assertions, OIG Headquarters was keep fully advised about the CVR audit with bi-weekly briefing papers, monthly teleconferences, and weekly priority reports prepared for IG Donohue. Id. at ¶¶ 6-9. He also has information refuting defendant's claim that Mr. Beard failed to ensure the production of audit survey reports, because the requirement to prepare them was not implemented until after the CVR audit. Id. ¶¶ 10-11. Mr. Nixon can also refute defendant's claims that the CVR audit was not properly coordinated with OIG legal counsel and relied on incorrect auditing criteria. Id. ¶¶ 22-27.

Plaintiff was assured during discovery and during the preparation of plaintiff's Opposition to defendant's motion for summary judgment that Mr. Nixon would assist him without being subpoenaed. "Obviously, Rule 56 does not require the nonmoving party to depose [his] own witnesses." Celotex Corp. v. Catrett, 477 U.S. 317, 324 (1986). Defendant will not be prejudiced by permitting a deposition of Mr. Nixon to go forward at this date. He remains an agency employee, available to defendant for consultation before a deposition and, if necessary, examination at one.

Mr. Nixon's deposition would not be needed but for his fear of retaliation by senior management of defendant. See Attachments D, F. Plaintiff and his counsel have been diligently pursuing information from Mr. Nixon. Unexpectedly, it cannot be obtained without deposing him. This is one of the circumstances contemplated by Rule 56(f), Fed. R. Civ. P., in allowing for "a continuance" in summary judgment proceedings for "depositions to be taken" in order to obtain needed evidence.

The D.C. Circuit has held that "Rule 56(f) motions should be granted 'almost as a matter of course unless the non-moving party has not diligently pursued discovery of the evidence.'" Berkeley v. Home Ins. Co., 68 F.3d 1409, 1414 (D.C. Cir. 1995) (quoting Wichita Falls Office

4

Assocs. v. Banc One Corp., 978 F.2d 915, 919 n. 4 (5th Cir. 1992); see also Beattie v. Madison County School District, 254 F.3d 595, 606 (5th Cir. 2001) ("Rule 56(f) motions are generally favored and should be liberally granted").

In this case, plaintiff diligently pursued discovery, including taking extensive written discovery and depositions of the four management officials involved in Mr. Beard's reassignment.[2] Buie Decl. ¶ 2. The only reason plaintiff did not take Mr. Nixon's deposition was because Nixon had assured plaintiff that he would voluntarily assist plaintiff. Id. There is no reason to permit this case, which has proceeded so expeditiously, to potentially be adjudicated on an incomplete record simply because, whether rightly or wrongly, one of its employees fears reprisal from the same management officials who are alleged to have retaliated against plaintiff. See Attachment F.

Continuing summary judgment briefing to allow for this one deposition, which would only bring the total taken by plaintiff to five, would not prejudice defendant, nor would it cause significant delay in the case. Counsel for plaintiff would make themselves available to conduct the deposition as soon as possible, order an expedited transcript, and file plaintiff's Opposition to summary judgment no later than two weeks after its receipt. There would be no need for defendant to submit a new dispositive motion. It would be in the exact same position it would have been in had Mr. Nixon executed his declaration as promised. Any rebuttal defendant may have to Mr. Nixon's deposition testimony can be addressed on Reply.

---

[2] Plaintiff twice consented to extend the discovery period in this case in order to accommodate defendant's need for more time to produce discovery documents and its need to delay depositions due to the scheduling needs of its witnesses. Docket Entry Nos. 9 and 11.

5

WHEREFORE, plaintiff respectfully moves the Court to continue summary judgment briefing to allow plaintiff to take the deposition of William Nixon. In the event that the request is denied, plaintiff respectfully moves for an enlargement of time of 5 days from the issuance of the Order to file his opposition to summary judgment.

Respectfully submitted,

_____/s/_____
Robert C. Seldon, Esq.
 D.C. Bar No. 245100

_____/s/_____
Molly E. Buie, Esq.
 D.C. Bar No. 483767
Robert C. Seldon & Associates, P.C.
1319 F Street, N.W.
Suite 305
Washington, D.C. 20004
(202) 955-6968

Counsel for Plaintiff

6