UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| D. MICHAEL BEARD, ) | |
| ) | |
|    Plaintiff, ) | |
| ) | |
| v. ) | Civil Action No. 06-00756 (GK) |
| ) | |
| ALPHONSO R. JACKSON, ) | |
|    Secretary, U.S. Dept. of ) | |
|    Housing and ) | |
|    Urban Development, ) | |
| ) | |
|    Defendant. ) | |
| _____ ) | |

**DEFENDANT'S OPPOSITION TO PLAINTIFF'S MOTION FOR A RULE 56(f)
CONTINUANCE AND FOR AN ENLARGEMENT OF TIME TO OPPOSE
SUMMARY JUDGMENT AND REQUEST FOR TELECONFERENCE**

The defendant, by and through its attorney, the United States Attorney for the District of Columbia, respectfully opposes Plaintiff's Motion for a Rule 56(f) Continuance and for an Enlargement of Time to Oppose Summary Judgment and Request for Teleconference. The Court should deny plaintiff's motion because he fails to demonstrate that he diligently pursued discovery during the discovery period.

At this late date, nearly four (4) months after the close of discovery, plaintiff seeks a continuance in filing his opposition to defendant's motion for summary judgment, in order to take the deposition of Mr. William Nixon.[1] Plaintiff does not allege, however, that his request is based upon newly discovered evidence, or that Mr. Nixon recently became known to plaintiff. In fact, plaintiff acknowledges that Mr. Nixon is listed as a witness in plaintiff's Initial Disclosures. See Declaration of Molly E. Buie, Esq. at ¶ 1 n.1. Rather than taking Mr. Nixon's deposition or

---

[1] Discovery closed on February 19, 2007.

obtaining a declaration during the lengthy discovery period, plaintiff made a conscious decision to wait until *after* both the close of discovery and the filing of defendant's motion, to obtain Mr. Nixon's declaration.

"Notwithstanding the usual generous approach toward granting Rule 56(f) motions, the rule is not properly invoked to relieve counsel's lack of diligence." Berkeley v. Home Insurance Company, 68 F.3d 1409, 1414 (D.C. Cir. 1995). If plaintiff "has not diligently pursued discovery . . . [he] is not entitled to relief under rule 56(f)." Beattie v. Madison County School District, 254 F.3d 595, 606 (5th Cir. 2001).

> Courts in this District have routinely denied requests for discovery beyond a cut-off date where a party has shown a lack of diligence during the allowed time period. See, e.g., Smith Wilson Co. v. Trading & Dev. Establ., No. 90-1125, 1991 WL 171689 at *1 (D.D.C. Aug. 20, 1991) ("As counsel well knows, this Court established a firm discovery cut-off after consulting with counsel for both sides in open court"); Secord v. Cockburn, 747 F.Supp. 779, 786 (D.D.C. 1990 ) ("where a party fails to pursue discovery in the face of a court-ordered cutoff, as here, that party may not be heard to plead prejudice resulting from his own inaction") (citation omitted); Senkow v. Herrington, No. 86-2220, 1989 WL 467747, at *1 (D.D.C. Apr. 25, 1989) (denying more time for discovery where court had allowed 120 days and had notified parties in its scheduling order that it was "not included to grant further continuances of discovery").

Paul Mercury Insurance Company v. Capitol Sprinkler Inspection, Inc., 2007 WL 1589495, (D.D.C. June 1, 2007) (CKK) at *6.

Plaintiff made intentional decisions during the discovery period that did not include deposing or obtaining a declaration from Mr. Nixon. For example, plaintiff propounded a request for documents as well as interrogatories. As early as November 17, 2006, in its written responses to plaintiff's discovery demands, defendant mentions Mr. William Nixon and the CVR

2

audit. Additionally, plaintiff made a choice to depose five management officials. In fact, during the January 5, 2007, deposition of Michael P. Stephens, the Deputy Inspector General of O.I.G. for the Department of Housing and Urban Development, Mr. Stephens specifically mentions both Mr. William Nixon's unprofessional behavior as plaintiff's subordinate, and the CVR audit, as two of the many reasons for defendant's decision to reassign plaintiff to Washington, D.C.[2] See Exhibit 1 attached hereto.

The fact that Mr. Nixon, a third party to this lawsuit, changed his mind about cooperating with plaintiff, is a litigation risk associated with making a tactical decision. No doubt, plaintiff made an error of judgment by waiting beyond the discovery period, and after defendant's motion was filed, to secure Mr. Nixon's declaration. But, plaintiff's purposeful and knowing decision to seek discovery months after the court-ordered period closes, is a calculated risk to be borne by him. See e.g. Jackson v. Finnegan, Henderson, Farabow, Garrett & Dunner, et al., 101 F.3d 145, 149 (D.C. Cir. 1996). He should not receive the benefit of a tactical decision that has not played out in his favor.

Absolutely nothing during the discovery period prevented plaintiff from securing facts from Mr. Nixon concerning issues plaintiff knew would be included in defendant's motion. The exhibits attached to plaintiff's motion demonstrate that he made an effort specifically to obtain

---

[2] Defendant notes that Mr. Nixon's declaration provides no knowledge of the discrimination or retaliation of which plaintiff complains. Moreover, the substance of the declaration addresses only the CVR audit, which responds to just two (2) of the forty-six (46) facts contained in Defendant's Statement of Material Facts Not in Genuine Dispute ("Defendant's Statement"). Even assuming, arguendo, that there is a disagreement as to these two statements (33 and 34 in Defendant's Statement), it does not affect defendant's argument that plaintiff cannot establish a prima facie case of discrimination or retaliation or, in the alternative, that defendant had many legitimate, non-discriminatory reasons for its action.

Mr. Nixon's declaration several months *after* the close of discovery.  Thus, plaintiff cannot demonstrate that he is "only 'now' learning" about the need to obtain evidence from Mr. Nixon. See  Berkeley v. Home Insurance Company, supra, 68 F.3d at 1415.

WHEREFORE, defendant respectfully requests that plaintiff's motion be denied.

Respectfully submitted,

_____/s/_____
JEFFREY A. TAYLOR, DC BAR #498610
United States Attorney


_____/s/_____
RUDOLPH CONTRERAS, DC Bar #434122
Assistant United States Attorney


_____/s/_____
KAREN L. MELNIK DC BAR # 436452
Assistant United States Attorney
555 4TH Street, N.W. Rm. E-4112
Washington, D.C. 20530
(202) 307-0338