UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| D. MICHAEL BEARD, | ) |
| | ) |
| Plaintiff, | ) |
| | ) C.A. No. 06-0756 (GK) |
| v. | ) |
| | ) |
| ALPHONSO R. JACKSON, | ) |
| Secretary Of Housing And | ) |
| Urban Development, | ) |
| | ) |
| Defendant. | ) |
| | ) |

**PLAINTIFF'S REPLY IN SUPPORT OF MOTION FOR A RULE 56(f) CONTINUANCE
AND FOR AN ENLARGEMENT OF TIME TO OPPOSE SUMMARY JUDGMENT
AND REQUEST FOR A TELECONFERENCE**

The D.C. Circuit has held that "Rule 56(f) motions should be granted almost as a matter of course" unless the party requesting the continuance failed to diligently pursue discovery. Berkeley v. Home Ins. Co., 68 F.3d 1409, 1414 (D.C. Cir. 1995) (quoting Wichita Falls Office Assocs. v. Banc One Corp., 978 F.2d 915, 919 n. 4 (5th Cir. 1992) (internal quotations omitted). Counsel for plaintiff, Robert C. Seldon, Esq. and Molly E. Buie, Esq., have appeared in the District Courts in this jurisdiction many times, and are known for conducting discovery promptly, thoroughly, and conscientiously. Having met every discovery deadline and vigorously pursued written discovery and depositions in this case, plaintiff's diligence can hardly be questioned. Nothing defendant raised in its Opposition speaks to the contrary. During the discovery process, the parties cooperatively succeeded in exchanging and supplementing disclosures, written discovery, and substantial numbers of documents, and coordinated a total of five depositions. Accordingly, plaintiff has no doubt that but for defendant's strategic aim to

1

limit the record on summary judgment, plaintiff's request to depose Mr. Nixon would have been consented to.

The Rule 56(f) Declaration that accompanied plaintiff's opening Memorandum thoroughly explained, and defendant has no basis for disputing, that the only reason plaintiff did not depose Mr. Nixon during the discovery period was because Mr. Nixon assured plaintiff that he would voluntarily cooperate. Buie Decl. ¶ 2; Attachment A to Pl. Mem. Far from being a risky tactical maneuver (see Def. Opp. at 3), the practice of obtaining voluntary declarations from favorable witnesses is one that is routinely employed in litigation, including by this very defendant. Malloy v. Jackson, Civ. Action No. 05-1117 (RCL). In this case, plaintiff reasonably believed that obtaining a declaration from Mr. Nixon was the most efficient course of action, particularly since Mr. Nixon lives in Fort Worth, Texas. Since Mr. Nixon had agreed to assist plaintiff in opposing summary judgment, the most logical time to reduce his anticipated testimony to declaration form was after the government moved dispositively. As Mr. Nixon explained in his own words (Attachment F to Pl. Mem.), he has now refused to cooperate out of fear of reprisal – a situation that defendant should not be permitted to exploit in order to prevent the factual record from being fully developed on summary judgment.

In its Opposition, the agency cites several cases in which the court denied requests to take discovery beyond a cut-off date due to lack of diligence.[1] In all of them, the parties seeking

---

[1] St. Paul Mercury Insurance Co. v. Capitol Sprinkler Inspection, Inc., 2007 WL 1589495 (D.D.C. June 1, 2007) (CKK) (denying defendant's request to supplement its expert disclosures out of time where defendant's initial expert disclosure was deficient and where defendant failed to show good cause for not obeying the court's scheduling order); Smith Wilson Co. v. Trading & Dev. Establ., No. 90-1125, 1991 WL 171689 (D.D.C. Aug. 20, 1991) (denying defendant's request to continue trial date in order to conduct discovery where counsel knew that depositions were needed but failed to pursue them during the discovery period even though counsel had been warned that no extensions of discovery would be granted); Secord v. Cockburn, 747 F. Supp 779, (D.D.C. 1990) (finding that plaintiff had been given adequate time to conduct discovery

relief utterly failed to pursue discovery or adhere to discovery schedules – a situation that is inapplicable to the instant case and is hardly the practice of plaintiff's counsel.  Not only did plaintiff serve detailed discovery requests on defendant on October 2, 2006, he also timely responded to defendant's discovery requests on November 1, 2006, and deposed four of the management witnesses involved in the reassignment decision.  Buie Decl. ¶ 2.  Through no fault of plaintiff's, the discovery period was enlarged twice – once because defendant did not index its discovery documents in time for depositions that were scheduled in early December, and a second time because one of defendant's witnesses was unavailable for deposition for an extended period of time.[2]  See Docket Nos. 9-11.  Since the close of discovery, both parties have moved to enlarge the dispositive briefing schedule – defendant by 33 days (see Docket No. 12) and plaintiff by 19 days (see Docket No. 14).  Accordingly, if there has been any delay in the proceedings up to this point, the responsibility for it rests largely with defendant.  Were it not for the purpose of obtaining an undeserved tactical advantage, one that will prevent full development of the record in this case, it is impossible to believe that counsel for defendant would contest this motion.

---

during year-and-a-half long discovery period during which he failed to alert the court of any reason he could not go forward with discovery); Jackson v. Finnegan, Henderson, Farabow, Garrett & Dunner, et. al., 101 F.3d 145 (D.C. Cir. 1996) (upholding trial court's denial of plaintiff's motion to supplement statement of material facts in dispute on summary judgment where plaintiff failed to comply with the local rules and continuously failed to adhere to scheduling order.)

[2]     Plaintiff filed a Motion to Amend Scheduling Order on December 7, 2006 (Docket No. 10), the purpose of which was to correct an error in his original motion for extension of discovery (Docket No. 9).

3

For all of the foregoing reasons, and those contained in his opening Memorandum, plaintiff urges the court to grant his Motion for a Rule 56(f) Continuance and for an Enlargement of Time to Oppose Summary Judgment and Request for a Teleconference.

Respectfully submitted,

_____/s/_____
Robert C. Seldon, Esq.
 D.C. Bar No. 245100


_____/s/_____
Molly E. Buie, Esq.
 D.C. Bar No. 483767
Robert C. Seldon & Associates, P.C.
1319 F Street, N.W.
Suite 305
Washington, D.C.  20004
(202) 955-6968

Counsel for Plaintiff