UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| D. MICHAEL BEARD,<br><br>   Plaintiff,<br><br>   v.<br><br>ALPHONSO R. JACKSON,<br> Secretary Of Housing And<br> Urban Development,<br><br>   Defendant. | )<br>)<br>)<br>)  C.A. No. 06-0756 (GK)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>) |

## DECLARATION OF SAUNDRA G. ELION

I, Saundra G. Elion, being first duly sworn do hereby depose and state as follows:

1.) I am a 59 year old African American woman.

2.) I was appointed to the position of District Inspector General for Audit of the Department of Housing and Urban Development, Office of Inspector General (HUD OIG) Capital District in Washington, D.C., in June of 1999. In 2002, my former office was abolished and I became the Director of the Headquarters Audits Division, which is an equivalent position to the Regional Inspector General for Audit position formerly occupied by Michael Beard.

3.) As Director of the Headquarters Audits Division, I managed the OIG audit division primarily responsible for internal audits and the preparation of audit reports for HUD Headquarters programs and activities. I was also personally responsible for performing audits and issuing audit reports in more complicated and sensitive areas involving HUD officials.

4.) On December 18, 2002, I filed an EEO complaint that specifically identified Assistant Inspector General for Audit, James Heist, and Deputy Assistant Inspector General for

1

Audit, Michael Phelps, as management officials responsible for discriminating against me. After OIG improperly refused to engage in Alternative Dispute Resolution, I engaged in an informal conference with then-Deputy Inspector General, Michael Stephens. Based on Mr. Stephens's verbal assurances that he would remedy the issues that I had raised in my EEO complaint, I withdrew the complaint. However, there was no written agreement resolving my complaint; and without one, after a brief period, Mr. Heist and Mr. Phelps returned to the very practices that had been the subjects of my original complaint.

   5.) On April 20, 2004, the agency executed a Memorandum which disbanded my Division, the Headquarters Audits Division, reassigned my staff to two other Headquarters audit divisions, relieved me of supervisory duties, and reassigned me to a non-supervisory position as a "special assistant" to Mr. Heist, the Assistant Inspector General for Audit. The Memorandum set forth a series of reasons which supposedly, but did not, justify the foregoing actions. At the time of my reassignment, I was retirement eligible.

   6.) Although my grade as a non-supervisory "special assistant" to the Assistant Inspector General for Audit remains the same as when I was Director of the Headquarters Audits Division, the two positions are not similar in any other respect. My work assignments are few and far between, often menial, and are not commensurate with my background and experience as a supervisory auditor who was previously engaged in the full range of OIG's audit activities. They entail identifying speaking engagements for my supervisor, reviewing a training database, inventorying personnel positions, and serving as a representative at meetings that have little or no relationship to the Office of Audit's activities. This position is essentially the same as the one to which Mr. Beard was reassigned.

7.) I understand that the agency has claimed in Mr. Beard's case that several people were reassigned in the same manner as Mr. Beard and me, including Edward Bowles, Dave Gleason, Latesha Walters, Jacqueline Jimmerson, Sharon Brown, Seanna McGee, Karmel Smith, Kilah White, Pamela Collins, and Donna Hawkins. Heist EEO Aff. at 9. That is not correct. I know their job histories and treatment by OIG from personal knowledge obtained as a senior manager in HUD OIG and from my eight years of experience in HUD OIG. As an initial matter, with the exception of Ms. Hawkins, none of those persons occupied a supervisory position; and without exception, none held the position of Regional Inspector General for Audit or an equivalent position. Their staff-level positions did not entail performing the same level of activities that Mr. Beard and I both did as heads of an Audit Region and an Audit Division, respectively. They were not responsible for determining programmatic initiatives and directives of their Offices; not responsible for the performance of their offices; and not called upon to interact regularly with senior OIG officials in Headquarters and the heads of HUD program offices. Additionally, as discussed in the following paragraphs, the vast majority of those employees were reassigned for no reason other than the reorganization that resulted from the abolishment of the Capital District Office, and/or the subsequent disbanding of the Headquarters Audit Division.

8.) Edward Bowles was a non-supervisory GS-14 Desk Officer in the Technical Oversight and Planning Division (TOP). He was not geographically reassigned or threatened with removal, but was merely moved from one Headquarters office to another. Mr. Bowles remained at the same pay grade, and, because he was not a supervisor, he did not lose any supervisory duties as a result of his reassignment. His duties essentially entailed coordinating

3

activities of Audit Regions with TOP. He did not head a Division or Region, and was not even performing the duties of a Senior Auditor.

9.) Dave Gleason was a non-supervisory GS-14 Senior Auditor. He was not geographically reassigned or threatened with removal, and was merely moved from one Headquarters office to another. Essentially, he and Mr. Bowles switched positions. Mr. Gleason remained at the same pay grade, and, because he was not a supervisor, he did not lose any supervisory duties as a result of his reassignment and his duties and responsibilities were not diminished in any material way

10.) Latesha Walters had been an Administrative Officer in the Capital District Office, but when that office was abolished and the staff moved to Headquarters, Ms. Walters was reassigned to work for Mr. Phelps because he said that the former Capital District Office could not support having two administrative staff members. Ms. Walters was not an auditor, much less the head of an OIG Division or Region.

11.) Jacqueline Jimmerson transferred with me from the Capital District Office to the Headquarters Audit Division when the Capital District Office was abolished. She served as GS-13 non-supervisory auditor.

12.) Sharon Brown transferred with me from the Capital District Office to the Headquarters Audit Division when the Capital District Office was abolished. When the Headquarters Audit Division was disbanded, Ms. Brown was transferred to the Financial Audits Division as a staff auditor.

13.) Seanna McGee transferred with me from the Capital District Office to the Headquarters Audit Division when the Capital District Office was abolished. When the

4

Headquarters Audit Division was disbanded, Ms. McGee was transferred to the Financial Audits Division as a staff auditor.

14.) Karmel Smith transferred with me from the Capital District Office to the Headquarters Audit Division when the Capital District Office was abolished. When the Headquarters Audit Division was disbanded, Ms. Smith was transferred to the Financial Audits Division as a staff auditor.

15.) Kilah White transferred with me from the Capital District Office to the Headquarters Audit Division. On her own initiative, Ms. White subsequently requested a transfer to Atlanta, which was granted.

16.) Pamela Collins was my secretary in the Capital District Office. She initially transferred with me to the Headquarters Audit Division; however, after several months, Deputy Assistant Inspector General for Audits Michael Phelps placed her in the general administrative support pool.

17.) Donna Hawkins transferred from the Capital District Office to the Headquarters Audit Division when the Capital District Office was abolished. She became my Assistant Director for the Headquarters Audit Division. When that Division was disbanded, she was transferred to TOP as a non-supervisory desk officer. Ms. Hawkins had also pursued an administrative complaint of discrimination against HUD OIG, in particular Mr. Stephens, Mr. Heist, and Mr. Phelps, before the Headquarters Audit Division was abolished and she was reassigned involuntarily to a staff position.

I hereby declare under penalty of perjury that the foregoing is true and correct, to the best of my knowledge, information, and belief.

_____*Saundra G. Elion*_____
Saundra G. Elion
Executed on August 2, 2007.