UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| **D. MICHAEL BEARD,** | ) |
| | ) |
| Plaintiff, | ) |
| | ) C.A. No. 06-0756 (GK) |
| v. | ) |
| | ) |
| **ALPHONSO R. JACKSON,** | ) |
| Secretary Of Housing And | ) |
| Urban Development, | ) |
| | ) |
| Defendant. | ) |
| | ) |

## DECLARATION OF TOM LEAR

I, Tom Lear, being first duly sworn, do hereby depose and state as follows:

1) I am a former Management Analyst for the Office of the Chief Financial Officer (CFO) at the Department of Housing and Urban Development (HUD).

2) As a Management Analyst in the CFO's Office, I was responsible for resolving OIG audits in Region I (Boston); Region IV (Atlanta); and the Headquarters office (Washington, DC). Occasionally I would be involved in audits issued by other regions such as Region VI (Fort Worth). I became involved in the City of New Orleans/Jazzland audit when I was asked to provide assistance and advice to William Eargle, the Comptroller, and Lisa Abell, the Deputy Comptroller.

3) The objective of the Jazzland audit was to determine whether the City of New Orleans had complied with applicant eligibility and loan requirements for Section 108 grant loans. The audit concluded that the city had not complied and had distributed over $7 million dollars in grant funds that were potentially ineligible. The report recommended that the New

1

Orleans CPD Director require the City of New Orleans to repay CPD $1.3 million of ineligible funds; and support or repay $6.3 million of unsupported funds.

4) The City of New Orleans had given the money in question, which had come from a HUD block grant to the City, to a private entity that was developing a theme park called Jazzland.

5) CPD determined that because the City of New Orleans was the recipient of the funds, it was the party that was ultimately responsible for repaying the money. HUD could not legally hold the private developers of Jazzland responsible because they had not received the funds directly from HUD.

6) CPD gave the City of New Orleans an opportunity to provide documentation to support the costs that were determined to be unsupported. The City was not able to provide the requested information; accordingly, HUD sustained the findings and recommendations of the audit report.

7) I understand that in his deposition in connection with <u>Beard v. Jackson</u>, Civil Action No. 06-0756 (D.D.C.), OIG Assistant Inspector General for Audit, James Heist, stated that some of the criteria used in the Jazzland audit report had been misapplied to one of the targets of the audit, and that this error prevented CPD from being able to recover the $7 million dollars.

8) That is not correct. The findings and recommendations of the audit were sustained, and CPD was moving forward with collecting the money from the City of New Orleans. However, as everyone is aware, New Orleans was hit by Hurricane Katrina in 2005. Subsequently, the City asked HUD to forgive the entire $7.6 million dollar debt due to its financial devastation.

9) HUD agreed to forgive the debt as memorialized in a memorandum dated February 9, 2007 (Attachment A). This action required Mr. Heist's concurrence, and he signed off on it (Id.).

10) If HUD had not sustained the findings of the audit, there would have been no need for HUD to go through the process of writing off the debt.

I hereby declare under penalty of perjury that the foregoing is true and correct to the best of my knowledge, information, and belief.

Executed by:

*Tom Lear*                          5/15/07

Tom Lear                             Date