UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| D. MICHAEL BEARD, | ) |
| | ) |
|    Plaintiff, | ) |
| | ) C.A. No. 06-0756 (GK) |
|       v. | ) |
| | ) |
| ALPHONSO R. JACKSON, | ) |
|   Secretary Of Housing And | ) |
|   Urban Development, | ) |
| | ) |
|    Defendant. | ) |
| | ) |

**PLAINTIFF'S MOTION TO STRIKE AND MOTION FOR LEAVE TO FILE SUR-REPLY IN SUPPORT OF PLAINTIFF'S OPPOSITION TO SUMMARY JUDGMENT**

Plaintiff to the above action respectfully moves the Court, pursuant to Rule 7, Fed. R. Civ. P., to strike Defendant's Reply to Plaintiff's Statement of Purported Genuine Issues, filed with its Reply in Support of Summary Judgment. Plaintiff also moves for leave to file a Sur-Reply in Support of Plaintiff's Opposition to Summary Judgment, the text of which appears in the Memorandum of Points and Authorities in support of this Motion.

Counsel for defendant has been advised of this Motion and has indicated that defendant will oppose it.

The grounds in support of this Motion are as follows:

1.)   Defendant's Reply to Plaintiff's Statement of Purported Genuine Issues, filed with its Reply, contains at least two pages of legal argument and twenty pages of argumentative re-characterization of plaintiff's responses to Defendant's Statement of Material Facts Not In Genuine Dispute, and is not an authorized submission under LCivR 56.1. Accordingly, plaintiff moves the Court to strike it.

1

2.)    Defendant also included a new argument in its Reply Memorandum in Support of Defendant's Motion for Summary Judgment when it asserted that the memorandum reassigning plaintiff to Washington, D.C. may not be used as evidence that the managers involved in the reassignment were trying to force plaintiff to retire, or that they harbored discriminatory <u>animus</u> against him, because the memorandum was drafted by Human Resources and the Bureau of Public Debt.  <u>See</u> Def. Reply at 4-6.

3.)    In order to respond to defendant's argument, which was raised for the first time on Reply, plaintiff respectfully seeks leave to submit the short Sur-Reply lodged with this Motion.

4.)    The grounds in support of this Motion are explained fully in the accompanying Memorandum of Points and Authorities.  A proposed Order has also been submitted in accordance with LCivR 7(c).

Respectfully submitted,

_____/s/_____
Robert C. Seldon, Esq.
  D.C. Bar No. 245100


_____/s/_____
Molly E. Buie, Esq.
  D.C. Bar No. 483767
Robert C. Seldon & Associates, P.C.
1319 F Street, N.W.
Suite 305
Washington, D.C.  20004
(202) 955-6968

Counsel for Plaintiff

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| D. MICHAEL BEARD, | ) |
| | ) |
| Plaintiff, | ) |
| | ) C.A. No. 06-0756 (GK) |
| v. | ) |
| | ) |
| ALPHONSO R. JACKSON, | ) |
|   Secretary Of Housing And | ) |
|   Urban Development, | ) |
| | ) |
| Defendant. | ) |
| | ) |

**MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF PLAINTIFF'S MOTION TO STRIKE AND MOTION FOR LEAVE TO FILE SUR-REPLY IN SUPPORT OF PLAINTIFF'S OPPOSITION TO SUMMARY JUDGMENT**

This case, as the Court is aware, has been brought by plaintiff, D. Michael Beard, the former Regional Inspector General for Audit (RIGA) for Region VI of the Department of Housing and Urban Development's (HUD) Office of Inspector General (OIG), to challenge defendant's discriminatory and retaliatory reassignment of him to a make-work Special Assistant position in Washington, D.C., as well as its interference with his ability to obtain an SES position with another agency through an unwarranted negative reference. Cplt. ¶¶ 55-88. In opposing defendant's dispositive motion, plaintiff presented ample evidence in support of his claims, including that immediately prior to being reassigned Mr. Beard led his region to being ranked the top-performing region in the country; that HUD's claims about Mr. Beard's supposed performance failures were contradicted by the agency's contemporaneous records; that other RIGAs experienced difficulties with the centralized audit process but were not reassigned; and

1

that the agency has retaliated against similarly situated employees who participated in protected EEO activity.  See Pl. Opp. at 11-17, 27-34, 39-44.

Defendant filed its Motion for Summary Judgment in this case on April 23, 2007.  After a brief stay to take the deposition of William Nixon, plaintiff opposed the same on August 6, and defendant replied on September 20, 2007.  On reply, defendant submitted a document entitled "Defendant's Reply to Plaintiff's Statement of Purported Genuine Issues," in which it included two pages of argument and approximately twenty pages of impermissible re-characterization of plaintiff's admissions and denials of Defendant's Statement of Material Facts Not in Genuine Dispute.  This document is an unauthorized filing that is not contemplated by the Local Rules – it essentially serves as a third bite at the apple for defendant.  Accordingly, plaintiff moves to strike defendant's submission.

Defendant also raised a new argument on reply in which it claims that the memorandum reassigning plaintiff to Washington, D.C. cannot be used as evidence that the managers involved in the reassignment were trying to force Mr. Beard to retire, or that they harbored discriminatory animus against him, because the memorandum was drafted by Human Resources and the Bureau of Public Debt.  See Def. Reply at 4-6.  Defendant's new arguments are not only logically flawed, they are flatly contradicted by the evidence on the record.  See Heist Dep. at 74-75 (attached).  For this reason, plaintiff seeks leave to file a Sur-Reply in order to respond to this argument. [1]

---

[1]    The text of the Sur-Reply will be the same as that set out below in Section II.

2

## ARGUMENT

### THE COURT SHOULD STRIKE DEFENDANT'S RESPONSES TO PLAINTIFF'S STATEMENT OF GENUINE ISSUES AND GRANT PLAINTIFF LEAVE TO SUR REPLY

**I.     Defendant's Supplement To Its Statement Of Material Facts Is Unauthorized And Must Be Stricken.**

LCivR 56.1 specifies that a motion for summary judgment shall be accompanied by a Statement of Material Facts and that an Opposition shall be accompanied by a Statement of Genuine Issues. There is no such provision for reply briefs. Despite that fact, on reply the agency filed "Defendant's Reply to Plaintiff's Statement of Purported Genuine Issues" in which it included two pages of legal argument in addition to twenty pages of argumentative re-characterization of plaintiff's admissions and denials of Defendant's Statement of Material Facts Not In Genuine Dispute. By making arguments in support of its dispositive motion in this unauthorized submission, which essentially amounts to a third brief, defendant has attempted to gain an impermissible tactical advantage. If defendant felt the need to include additional argument, it was limited to doing so in its reply brief. Furthermore, defendant's re-characterization of plaintiff's responses is nothing more than an impermissible attempt to usurp this Court's authority to determine which facts plaintiff admitted or denied, and which are genuinely in dispute. For these reasons, plaintiff urges the Court strike defendant's submission.

**II.     Defendant's New Argument That Human Resources' Involvement In Drafting The Reassignment Memorandum Shows Lack of Prohibited <u>Animus</u> By Heist and Phelps Is Meritless.**

Every "Court highly disfavors parties creating new arguments at the Reply stage." <u>Public Citizen Health Research Group v. National Institutes of Health</u>, 209 F.Supp.2d 37, 43-44 (D.D.C. 2002). The reason often articulated by the Courts of Appeals is simple: "considering an argument advanced for the first time in a reply brief . . . is not only unfair . . . but also entails the

3

risk of an improvident or ill-advised opinion on the legal issues tendered." Kappus v. Comm'r of Internal Revenue, 337 F.3d 1053, 1058 n.4 (D.C. Cir. 2003) (citing McBride v. Merrell Dow and Pharmaceuticals, Inc., 800 F.2d 1208, 1211 (D.C. Cir. 1986)).

In this case, defendant raised a new argument on reply when it claimed that the substance of the January 5, 2005 memorandum reassigning plaintiff was "fully vetted, if not wholly drafted by Human Resources and the Bureau of Public Debt." See Def. Reply at 4. According to defendant, because Human Resources (HR) was involved in drafting the memorandum, the options presented to Mr. Beard therein – to accept the reassignment, resign/retire, or be separated – are not probative of the agency's intent to force plaintiff to retire. Id. Incredibly, the agency also asserts that HR's supposed involvement in drafting the memorandum proves that there was no discriminatory or retaliatory animus by HUD OIG management. Id. at 5. Not only is that argument absurd – after all it was not Human Resources that made the *decision* to reassign plaintiff to a non-supervisory make-work position in Washington, D.C. – but it is flatly contradicted by the deposition testimony of Mr. Heist:

> Q   What communication -- I'm not sure I asked you this already or not. What communication, if any, did you and Mr. Phelps or Mr. Stephens have with either the [Bureau of Public Debt] or OIG HR group about reassigning Mr. Beard after making the decision to reassign him?
>
> A   I don't recall any specific discussions.
>
> Q   This notice -- I'm sorry, this memorandum dated January 5th, 2005, reassigned -- gave Mr. Beard the directive to reassign, did you draft it?
>
> A   Yes, I did.  I used a prior directive reassignment memo that we had developed when Mimi Lee was reassigned from San Francisco to Los Angeles.
>
> Q   Did anyone else assist you in drafting this memorandum?
>
> A   When you say this memorandum?
>
> Q   I'm sorry.  The one reassigning Mr. Beard dated January 5th, 2005.

4

>    A   No.  Not directly.
>
>    Q   How about indirectly?
>
>    A   Indirectly I was, I had sought the advice of our HR group in drafting the memorandum to Mimi Lee, which mostly lays out rights, should she decide to decline the directive reassignment.  We had developed a similar letter for Mimi Lee, i.e, that I had sought advice from the HR group and OMAP, I believe, was Beverly Polan at the time, and used that in drafting the memorandum to Mr. Beard.  So indirectly I sought advice for a prior case that I applied to this situation.

Heist Dep. at 74-75.[2]

Contrary to defendant's argument, this evidence does nothing to disprove the agency's discriminatory or retaliatory animus.  Instead, the fact that the managers involved in Mr. Beard's reassignment once again have contradicted each other regarding how the decision to reassign plaintiff was made and carried out provides further reason for the Court to deny summary judgment.  See Pl. Opp. at 35-36.

## **CONCLUSION**

For all of the foregoing reasons, plaintiff urges the Court to strike Defendant's Reply to Plaintiff's Statement of Purported Genuine Issues, and to grant him leave to file a Sur Reply regarding the new issues raised by defendant on reply.

---

[2] Additionally, during discovery, plaintiff propounded an interrogatory on defendant seeking, "a complete and accurate account of the processes, decisions, and actions involved in [defendant's] decision to reassign plaintiff from his position as Regional Inspector General for Audit for Region 6 including, but not limited to, identifying:  a.) the reasons for your actions; b.) all persons (including human resources personnel) involved in the foregoing processes, decisions, and actions; c.) a complete and accurate account of each such person's involvement in the foregoing processes, decisions, and actions; and d.) the date of each such person's actions" (emphasis supplied).  Defendant's only reference to Human Resources' involvement in its response was as follows, "Mr. Heist drafted the memorandum directing the plaintiff's reassignment using a memorandum created by Beverly Polen in about September 2002."

5

Respectfully submitted,

_____/s/_____
Robert C. Seldon, Esq.
 D.C. Bar No. 245100

_____/s/_____
Molly E. Buie, Esq.
 D.C. Bar No. 483767
Robert C. Seldon & Associates, P.C.
1319 F Street, N.W.
Suite 305
Washington, D.C.  20004
(202) 955-6968

Counsel for Plaintiff

Case 1:06-cv-00756-GK    Document 24    Filed 09/27/2007    Page 8 of 8