UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| D. MICHAEL BEARD, | ) |
| | ) |
|    Plaintiff, | ) |
| | ) |
|    v. | ) Civil Action No. 06-0756 (GK) |
| | ) |
| ALPHONSO R. JACKSON, | ) |
| Secretary, U.S. Dept. of Housing and | ) |
| Urban Development, | ) |
| | ) |
|    Defendant. | ) |
| | ) |

**DEFENDANT'S OPPOSITION TO PLAINTIFF'S MOTION TO STRIKE AND MOTION FOR LEAVE TO FILE SUR-REPLY IN SUPPORT OF PLAINTIFF'S OPPOSITION TO SUMMARY JUDGMENT**

Defendant respectfully submits this opposition to Plaintiff's Motion to Strike and Motion for Leave to File Sur-Reply in Support of Plaintiff's Opposition to Summary Judgment ("Pl. Mot."). Plaintiff's supporting memorandum contends that Defendant's Response to Plaintiff's Statement of Genuine Issues should be stricken because it is supposedly not authorized by the Local Rules of the Court. See Plaintiff's Memo. at 3. Plaintiff further contends that he should be granted leave to file a sur-reply because Defendant allegedly raised a new argument "when it asserted that the memorandum reassigning plaintiff to Washington, D.C. may not be used as evidence that the managers involved in the reassignment were trying to force Mr. Beard to retire, or that they harbored discriminatory animus against him, because the memorandum was drafted by Human Resources and the Bureau of Public Debt." See id. at 2.

As shown below, these arguments are without merit and should be rejected in their entirety. Plaintiff fails to articulate a procedural basis for his Motion to Strike because Fed. R.

Civ. P. 12(f) does not apply to briefs and legal memoranda.[1]  Moreover, Defendant's arguments in the Reply merely refuted and addressed the issues that Plaintiff raised in his Opposition, which is precisely the purpose of a reply brief.

For these reasons and those elaborated below, the Court should deny Plaintiff's Motion to Strike and Motion for Leave to File Sur-Reply

## ARGUMENT

**I.      Plaintiff Does Not Have A Procedural Basis to Move to Strike Defendant's Reply.**

As an initial matter, Plaintiff has not articulated a legal standard for the Court to use in evaluating Plaintiff's Motion.  The only conceivable legal standard is embodied in Fed. R. Civ. P. 12(f) – Motion to Strike.  However, Fed. R. Civ. P. 12(f) does not permit litigants to strike a reply in support of a motion for summary judgment.  "A motion to strike is a vehicle to strike a

---

[1] This is not Plaintiff's counsel's first time employing this tactic.  In fact, in three other cases Plaintiff's counsel filed similar motions to strike reply briefs and other memoranda.  Specifically, in Elion v. Jackson, Civ. No. 05-992 (PLF), Plaintiff's counsel filed a "Motion to Strike or, in the Alternative, for Oral Hearing, concerning Defendant's Response to Plaintiff's Statement of Genuine Issues.  See id. at Dkt. 41.  Judge Friedman denied the motion.  Id. (July 23, 2007 Minute Order).

Again, in Baloch v. Norton, Civ. No. 03-1207 (RMU/AK) (D.D.C.), Plaintiff's counsel filed a "Motion to Strike Reply To Opposition to Summary Judgment and Defendant's Response to Plaintiff's Statement of Genuine Issues."  See Baloch v. Norton, Civ. No. 03-1207 (RMU/AK) (Dkt. No. 59).  Judge Urbina denied the motion to strike.  Id. at Dkt. No. 62.

Similarly, in Pendleton v. Ashcroft, Civ. No. 04-1838 (RJL) (D.D.C.), Plaintiff's counsel filed a motion for leave to file a sur-reply and a motion to strike.  Pendleton v. Ashcroft, Civ. No. 04-1838 (RJL) (Dkt. No. 25).  Judge Leon summarily denied the motion even before an opposition was filed.  Id. (June 28, 2007 Minute Order).

Despite this District's apparent uniform disapproval of motions to strike reply briefs, counsel nevertheless employs this same tactic here.  One wonders whether counsel's motivation in employing this tactic is simply to get the last word in with the Court.

complaint, answer, reply to a counterclaim, answer to a cross-claim, third-party complaint, or third-party answer." Naegele v. Albers, 355 F. Supp. 2d 129, 142 (D.D.C. 2005). Motions to strike cannot be used to strike a summary judgment motion or a reply thereto because motions and replies are not "pleadings" as defined in Fed. R. Civ. P. 7(a). Id. (citing cases which note that Rule 12(f) motions only apply to pleadings and not to motions). Indeed, "[o]nly material included in a 'pleading' may be the subject of a motion to strike and courts have been unwilling to construe the term broadly. Motions, briefs or memoranda, objections, or affidavits may be not be attacked by the motion to strike." 2 Moore's Federal Practice, §12.37[2] (Matthew Bender 3d ed.). Moreover, even if Rule 12(f) did allow litigants to strike a reply in support of a motion for summary judgment, "[m]otions to strike are a drastic remedy, which courts generally disfavor." Naegle, 355 F. Supp. 2d at 142. Under this legal standard, Plaintiff's current Motion is improper and the Court should summarily deny it.

Moreover, neither Local Rules 7(h) nor 56.1 *dis*allows Defendant from filing the submission Plaintiff seeks to strike. See e.g. Hammons v. Computer Programs and Systems, Inc., (CPSI), 2006 WL 3627117, *14 (S.D. Ala. 2006):

> [N]othing in the extant authorities, or in the Federal Rules of Civil Procedure, forbids a movant from making supplemental record submissions in a reply brief to rebut specific arguments raised by the non-movant's opposition brief. See generally Baugh v. City of Milwaukee, 823 F.Supp 1452, 1457 (E.D. Wis. 1993) ("where the reply affidavit merely responds to matters placed in issue by the opposition brief and does not spring upon the opposing party new reasons for the entry of summary judgment, reply papers - - both briefs and affidavits - - may properly address those issues"); Viero v. Bufano, 925 F.Supp. 1374, 1380 (N.D. Ill. 1996) ("if Viero has raised an issue not dealt with by defendants in their initial filing, it is appropriate for defendants to support their final response with properly admissible evidence").

To ban such evidentiary filings would yield absurd results, as

movants would be permitted to submit reply briefs but precluded from submitting the necessary record materials to support them. Here, CPSI's objected-to supplemental evidentiary submission merely responds to arguments and issues raised in plaintiff's opposition (albeit in a manner incorporating hundreds of exhibits that could have been filed earlier), without proffering new grounds for entry of summary judgment. There is nothing improper about CPSI's supplemental submissions, and plaintiff's Motion to Strike is denied.

Plaintiff seeks to strike exactly the type of document upheld by Hammons. Plaintiff's purported recitation of alleged genuine issues raised several points which - - understandably, though without any procedural basis - - he would prefer Defendants have no opportunity to address. Hammons demonstrates that the reply was completely proper, and that Plaintiff's motion is an attempt to distract the Court from its summary judgment inquiry. It is, therefore, entirely proper for Defendant to respond to arguments and assertions in Plaintiff's Statement of Genuine Issues.

## II. Plaintiff's Motion For Leave To File Sur-Reply Is Meritless.

Plaintiff contends that Defendant raised a new argument in its Reply regarding the significance, or lack thereof, of the reassignment memorandum. See Plaintiff's Memo. at 3-5.

The purpose of the "reply" brief is to reply or respond to the arguments made by Plaintiff in his opposition. See e.g. North v. Madison Area Ass'n for Retarded Citizens - Developmental Centers Corp., 844 F.2d 401, 405 (7th Cir. 1988) ("North's reply was responsive to matters which were raised for the first time in MAARC's response. We have previously held that where an appellee raises a[n] argument not addressed by the appellant in its opening brief, the appellant may reply.") (internal quotations and citations omitted); Netword, LLC v. Centraal Corp., 242 F.3d 1347, 1356 (Fed. Cir. 2001) ("When a potentially material issue or argument in defense of the judgment is raised for the first time in the appellee's brief, fundamental fairness requires that the appellant be permitted to respond, lest the appellate court deem the point conceded. See, e.g.,

North v. MAARC, supra, 844 F.2d at n. 6 (when the appellee raises an issue not addressed by the appellant in its opening brief, appellant is entitled to reply).  See generally Michael E. Tigar & Jane B. Tigar, Federal Appeals Jurisdiction and Practice 469-70 (3d ed. 1999) (purpose of reply brief is to respond to arguments presented by appellee); U.S. v. Feinberg, 89 F.3d 333, 340-41 (7th Cir. 1996) (scope of the reply brief is limited to addressing the arguments raised by the appellee).

Here, an inference suggesting the significance of the memorandum's substance as it relates to Plaintiff's prima facie case of age discrimination was not advanced for the first time in Defendant's reply brief; it was advanced for the first time in Plaintiff's opposition at p. 39.  Specifically, Plaintiff noted that he was "retirement eligible," and that "[i]t is clear through the directed reassignment, the agency intended to force Mr. Beard to retire."  See Plaintiff's Opp. at 39.  Plaintiff cites the reassignment memorandum, which provides Plaintiff's retirement options if he refuses the reassignment, for the foregoing conclusion.  Clearly, Plaintiff hopes that the Court will infer discriminatory animus from the memorandum's retirement discussion.  However, Defendant appropriately rebutted the inference, showing that it was unsupported by the evidence in the record.  See Defendant's Reply at 3-6.

**III.   Conclusion**.

For the foregoing reasons, the Court should deny Plaintiff's Motion to Strike and Motion for Leave to File Sur-Reply in Support of Plaintiff's Opposition to Summary Judgment.

Dated: October 4, 2007.                             Respectfully Submitted,

   /s/   Jeffrey A. Taylor
JEFFREY A. TAYLOR, D.C. BAR # 498610
United States Attorney


   /s/   Rudolph Contreras
RUDOLPH CONTRERAS, D.C. BAR #434122
Assistant United States Attorney


   /s/   Karen L. Melnik
KAREN L. MELNIK, D.C. BAR #436452
Assistant United States Attorney
555 Fourth Street, N.W.
Washington, D.C. 20530
(202) 307-0338

Attorneys for Defendant

THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| D. MICHAEL BEARD, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) Civil Action No. 06-0756 (GK) |
| | ) |
| ALPHONSO R. JACKSON, | ) |
| Secretary, U.S. Dept. of Housing and | ) |
| Urban Development, | ) |
| | ) |
| Defendant. | ) |

**ORDER**

Upon consideration of Plaintiff's Motion to Strike and Motion for Leave to File Sur-Reply in Support of Plaintiff's Opposition to Summary Judgment, and Defendant's Opposition thereto, it is this _____ day of _____, 2007,

ORDERED that Plaintiff's Motion to Strike and Motion for Leave to File Sur-Reply in Support of Plaintiff's Opposition to Summary Judgment be and is hereby DENIED.

SO ORDERED.

_____
U.S. District Judge