UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| D. MICHAEL BEARD, | ) |
| | ) |
|    Plaintiff, | ) |
| | ) C.A. No. 06-0756 (GK) |
|    v. | ) |
| | ) |
| ALPHONSO R. JACKSON, | ) |
|   Secretary Of Housing And | ) |
|   Urban Development, | ) |
| | ) |
|    Defendant. | ) |
| | ) |

**REPLY IN SUPPORT OF PLAINTIFF'S MOTION TO STRIKE
AND MOTION FOR LEAVE TO FILE SUR-REPLY**

     Defendant attempted to gain an impermissible advantage in its Reply in Support of Summary Judgment by raising a new argument, supporting it with inaccurate facts, and submitting an additional argumentative document – its Response to Plaintiff's Statement of Genuine Issues – which is not contemplated by the Local Rules. In opposing the instant motion, defendant has tried to justify these actions by claiming that its new argument was merely responding to a point made by plaintiff for the first time in his opposition, and that this Court is without inherent power to remedy violations of its own Local Rules. The first argument is without factual basis, and the second is without a legal one. Neither affects plaintiff's right to the relief sought in this motion.

1

## ARGUMENT

**I.    A Sur-Reply Is Necessary To Address The New Argument Raised By Defendant On Reply And To Correct The Factual Inaccuracies Used To Support It.**

Defendant included in its reply in support of summary judgment the argument that Human Resources' involvement in drafting the January 5, 2005 memorandum reassigning plaintiff disproves discriminatory and retaliatory <u>animus</u> by Assistant Inspector General for Audit, James Heist, and Deputy Assistant Inspector General for Audit, Michael Phelps.  Def. Reply at 4-6.  Not only was this argument newly raised on reply, it was supported by inaccurate facts.

In making its argument, defendant asserted that the substance of the reassignment memorandum was "fully vetted if not wholly drafted by Human Resources and the Bureau of Public Debt."  Def. Reply at 4.  It went on to cite a portion of Mr. Phelps's deposition in which he testified that "*they* drafted it," meaning Human Resources.  <u>Id.</u> (citing Phelps Dep. at 56)(emphasis added by defendant).  The agency failed to mention that Mr. Heist, who signed the reassignment memorandum, admitted in his deposition that <u>he</u> was primarily responsible for drafting it, and had only received "indirect" assistance from HR.  Heist Dep. at 74-75.  For this reason, plaintiff has sought the opportunity to correct the record in a short sur-reply.

Defendant also claims that it was permissible to wait until its reply brief to put forth its new argument because it was responsive to an argument "advanced for the first time" by plaintiff in his opposition.  Def. Opp. Strike at 5.  This is flatly untrue.  Plaintiff gave defendant ample notice during discovery of his claim that the agency's directed reassignment of him on January 5, 2005, which he asserts was an attempt by the agency to force him to retire, was evidence of Mr. Heist's and Mr. Phelps's discriminatory motives.

> Question: What is your basis or evidence that [Heist and Phelps] discriminated against you because of your age?
>
> Answer: What they did to me on January 5th, to an individual that's being screened annually to see if cancer is going to recur is order him on a Wednesday to report on a Monday, take away his life . . . Their obvious intent was to get me to retire, to leave a career that I had built.
>
> Question: What's your basis for believing that [the] directed reassignment was based on your age?
>
> Answer: I was eligible to retire.

Beard Dep. at 79. Any evidence that defendant intended to use to counter plaintiff's claim should have been presented in its opening brief. Instead, defendant waited until its reply to "sandbag" plaintiff with its response. See Def. Reply at 4-6. Accordingly, plaintiff should be given the opportunity to respond that he would have had but for defendant's violation of the restriction against raising new arguments on reply. See e.g., Kappus v. Comm'r of Internal Revenue, 337 F.3d 1053, 1058 n.4 (D.C. Cir. 2003) (citing McBride v. Merrell Dow and Pharmaceuticals, Inc., 800 F.2d 1208, 1211 (D.C. Cir. 1986)); Public Citizen Health Research Group v. National Institutes of Health, 209 F.Supp.2d 37, 43-44 (D.D.C. 2002).

### II.   The Court Has The Authority To Strike Defendant's Response To Plaintiff's Statement Of Genuine Issues And It Should Do So.

Federal Rule of Civil Procedure 12(f) permits the Court to strike any "redundant, immaterial, impertinent, or scandalous matter." As plaintiff detailed in his opening submission, Defendant's Response to Plaintiff's Statement of Genuine Issues, which is not contemplated by LCivR 56.1, certainly qualifies as an immaterial and impertinent document. However, defendant argues that the Court is without the power to strike its Response because it is not a pleading.[1]

---

[1]   Even while arguing that plaintiff's Motion to Strike is not expressly authorized by Rule 12, Fed. R. Civ. P.; defendant justifies its unauthorized Response to Plaintiff's Statement of

3

This is not so.  Although Rule 12(f), Fed. R. Civ. P., applies to pleadings, the Court may use it to strike other documents when necessary.  See Pigford v. Veneman, 215 F.R.D. 2, 4 n.1 (D.D.C. 2003) ("Although Rule 12(f) applies by its terms only to 'pleadings' courts occasionally have applied the rule to filings other than those enumerated in Rule 7(a) of the Federal Rules of Civil Procedure.") (citing Cobell v. Norton, No. 96-1285, 2003 WL 721477 (D.D.C. March 3, 2003)); see also Wasserman v. Rodacker, No. 06-1005, 2007 WL 274748 (D.D.C. Jan. 29, 2007) (noting that the power to strike exhibits from motions for summary judgment derives from Fed. R. Civ. Pro. Rule 56, and that the framework of Rule 12(f) is instructive).

Defendant's claim that plaintiff has only sought to strike defendant's Response in order to "get the last word in with the Court" is baseless as demonstrated by the large number of cases in which counsel has not had occasion to move to strike, including at least six against this same defendant.  See e.g., Andrade v. Martinez, No. Civ. Action No. 01-5042 (N.D. Cal.); Distad v. Martinez, No. 02-2513 (D.D.C.) (RWR), No. 03-N-1117 (D. Colo.); Douglas v. Jackson, No. 04-0487 (D.D.C.) (HHK); Lathram v. Snow, No. 00-2442(GK); Malloy v. Jackson, No. 05-1117 (D.D.C.) (RCL); Newsome v. Martinez, No. 99-0988 (D.D.C.) (RCL); and Wiggins v. Jackson, 100-2003-00434-X (EEOC).

## CONCLUSION

For the foregoing reasons and those identified in its opening submission, plaintiff respectfully moves the Court to grant his Motion to Strike and Motion for Leave to File Sur-Reply In Support of Plaintiff's Opposition to Summary Judgment.

---

Genuine Issues on the ground that "neither Local Rules 7(h) nor 56.1 *dis*allows Defendant from filing" it.  Def. Opp. Strike at 3 (emphasis in original).

Respectfully submitted,

_____/s/_____
Robert C. Seldon, Esq.
 D.C. Bar No. 245100


_____/s/_____
Molly E. Buie, Esq.
 D.C. Bar No. 483767

Robert C. Seldon & Associates, P.C.
1319 F Street, N.W., Suite 305
Washington, D.C.  20004
Telephone:  (202) 955-6968
Facsimile:  (202) 318-2287

Counsel for Plaintiff

5