UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| D. MICHAEL BEARD, | ) |
| | ) |
|    Plaintiff, | ) |
| | ) C.A. No. 06-0756 (GK) |
|    v. | ) |
| | ) |
| ALPHONSO R. JACKSON, | ) |
|   Secretary Of Housing And | ) |
|   Urban Development, | ) |
| | ) |
|    Defendant. | ) |
| | ) |

SUR-REPLY IN SUPPORT OF
PLAINTIFF'S OPPOSITION TO SUMMARY JUDGMENT

Pursuant to the Court's Order of October 19, 2007, plaintiff submits the following Sur-Reply in Opposition to Summary Judgment.[1]

I. **Defendant's New Argument That Human Resources' Involvement In Drafting The Reassignment Memorandum Shows Lack of Prohibited Animus By Heist and Phelps Is Meritless.**

Every "Court highly disfavors parties creating new arguments at the Reply stage." Public Citizen Health Research Group v. National Institutes of Health, 209 F.Supp.2d 37, 43-44 (D.D.C. 2002). The reason often articulated by the Courts of Appeals is simple: "considering an argument advanced for the first time in a reply brief . . . is not only unfair . . . but also entails the risk of an improvident or ill-advised opinion on the legal issues tendered." Kappus v. Comm'r of

---

[1] The text of this Sur-Reply was originally set out in Plaintiff's Memorandum of Points and Authorities in Support of Plaintiff's Motion to Strike and Motion for Leave to File Sur-Reply in Support of Plaintiff's Opposition to Summary Judgment, filed on September 27, 2007. Pursuant to the instructions of the clerk's office, plaintiff has reproduced that text in this separate document for ease of filing through the ECF system.

1

Internal Revenue, 337 F.3d 1053, 1058 n.4 (D.C. Cir. 2003) (citing McBride v. Merrell Dow and Pharmaceuticals, Inc., 800 F.2d 1208, 1211 (D.C. Cir. 1986)).

In this case, defendant raised a new argument on reply when it claimed that the substance of the January 5, 2005 memorandum reassigning plaintiff was "fully vetted, if not wholly drafted by Human Resources and the Bureau of Public Debt." See Def. Reply at 4.  According to defendant, because Human Resources (HR) was involved in drafting the memorandum, the options presented to Mr. Beard therein – to accept the reassignment, resign/retire, or be separated – are not probative of the agency's intent to force plaintiff to retire.  Id.  Incredibly, the agency also asserts that HR's supposed involvement in drafting the memorandum proves that there was no discriminatory or retaliatory animus by HUD OIG management.  Id. at 5.  Not only is that argument absurd – after all it was not Human Resources that made the *decision* to reassign plaintiff to a non-supervisory make-work position in Washington, D.C. – but it is flatly contradicted by the deposition testimony of Mr. Heist:

> Q   What communication -- I'm not sure I asked you this already or not. What communication, if any, did you and Mr. Phelps or Mr. Stephens have with either the [Bureau of Public Debt] or OIG HR group about reassigning Mr. Beard after making the decision to reassign him?
>
> A   I don't recall any specific discussions.
>
> Q   This notice -- I'm sorry, this memorandum dated January 5th, 2005, reassigned -- gave Mr. Beard the directive to reassign, did you draft it?
>
> A   Yes, I did.  I used a prior directive reassignment memo that we had developed when Mimi Lee was reassigned from San Francisco to Los Angeles.
>
> Q   Did anyone else assist you in drafting this memorandum?
>
> A   When you say this memorandum?
>
> Q   I'm sorry.  The one reassigning Mr. Beard dated January 5th, 2005.
>
> A   No.  Not directly.

>        Q    How about indirectly?
>
>        A    Indirectly I was, I had sought the advice of our HR group in drafting the memorandum to Mimi Lee, which mostly lays out rights, should she decide to decline the directive reassignment. We had developed a similar letter for Mimi Lee, i.e, that I had sought advice from the HR group and OMAP, I believe, was Beverly Polan at the time, and used that in drafting the memorandum to Mr. Beard. So indirectly I sought advice for a prior case that I applied to this situation.

Heist Dep. at 74-75.[2]

Contrary to defendant's argument, this evidence does nothing to disprove the agency's discriminatory or retaliatory animus. Instead, the fact that the managers involved in Mr. Beard's reassignment once again have contradicted each other regarding how the decision to reassign plaintiff was made and carried out provides further reason for the Court to deny summary judgment. See Pl. Opp. at 35-36.

---

[2]    Additionally, during discovery, plaintiff propounded an interrogatory on defendant seeking, "a complete and accurate account of the processes, decisions, and actions involved in [defendant's] decision to reassign plaintiff from his position as Regional Inspector General for Audit for Region 6 including, but not limited to, identifying:  a.) the reasons for your actions; b.) all persons (including human resources personnel) involved in the foregoing processes, decisions, and actions; c.) a complete and accurate account of each such person's involvement in the foregoing processes, decisions, and actions; and d.) the date of each such person's actions" (emphasis supplied). Defendant's only reference to Human Resources' involvement in its response was as follows, "Mr. Heist drafted the memorandum directing the plaintiff's reassignment using a memorandum created by Beverly Polen in about September 2002."

3

## **CONCLUSION**

For all of the foregoing reasons, and those included in his Opposition, plaintiff urges the Court to deny Defendant's Motion for Summary Judgment.

Respectfully submitted,

_____/s/_____
Robert C. Seldon, Esq.
 D.C. Bar No. 245100


_____/s/_____
Molly E. Buie, Esq.
 D.C. Bar No. 483767
Robert C. Seldon & Associates, P.C.
1319 F Street, N.W.
Suite 305
Washington, D.C.  20004
(202) 955-6968

Counsel for Plaintiff